IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANUEL M. ELLENBOGEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE CANADIAN EMBASSY, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:05CV01553 (JDB) |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure, Canada (incorrectly named in the caption of the case as "The Canadian Embassy") hereby moves the Court for the entry of an Order dismissing Plaintiff's Complaint in its entirety. In support of this Motion, Defendant respectfully refers the Court to the attached Memorandum in Support.

Respectfully submitted,

  /s/
Robert G. Ames
Lesley A. Pate
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004-1601
(202) 344-4000
(202) 344-8300 (facsimile)

Counsel for Canada

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September, 2005, I caused a copy of the foregoing Motion to Dismiss, Memorandum in Support thereof, and proposed Orders to be served via first-class mail, postage prepaid, upon the following:

Manuel M. Ellenbogen
546 White Oak Road
Blue Bell, PA 19422

_____
Lesley A. Pate

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANUEL M. ELLENBOGEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV01553 (JDB) |
| ) | |
| THE CANADIAN EMBASSY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure, Canada (incorrectly named in the caption of the case as "The Canadian Embassy")[1] hereby submits its Memorandum in Support of its Motion to Dismiss.

**I.     INTRODUCTION**

On August 2, 2005, Plaintiff, a former employee of Canada, filed this action, asserting that Canada discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., when it terminated his employment. Defendant first received notice of this action on August 3, 2005 when a summons and a copy of Plaintiff's Complaint were delivered by express overnight mail to the Canadian Embassy located at 501 Pennsylvania Avenue, N.W., Washington, D.C. 20001. Because Defendant is a foreign state, Defendant has 60 days after being properly

---

[1] The embassy of a sovereign nation is, as a matter of law, a foreign state. See International Road Fed. v. Embassy of Democratic Republic of Congo, 131 F. Supp. 2d 248, 250 (D.D.C. 2001); Gray v. Permanent Mission of People's Republic of Congo, 443 F. Supp. 816, 819 (S.D.N.Y. 1978). Accordingly, Canada is the proper Defendant in this action.

served with a summons, a copy of Plaintiff's Complaint, and a "notice of suit" in which to answer or otherwise respond.[2]

As explained in detail below, Plaintiff's age discrimination claim is riddled with both procedural and substantive flaws that require its dismissal pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4) and 12(b)(5). Plaintiff failed to effect proper service of process on Defendant. Moreover, the process purportedly served on Defendant was insufficient as a matter of law because it did not include a "notice of suit." Even if Plaintiff had properly served Defendant and had included a "notice of suit" with the summons and copy of his Complaint, the Court lacks jurisdiction over this action because Defendant is entitled to sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602-1611. Because of the absence of subject matter jurisdiction and effective service of process, this Court also lacks personal jurisdiction.

For these reasons, the Court should dismiss Plaintiff's Complaint in its entirety.

## II. ARGUMENT

### A. Plaintiff's Complaint Should Be Dismissed Pursuant To Rules 12(b)(4) and 12(b)(5) Because The Attempted Service Of Process Did Not Comply With The Foreign Sovereign Immunities Act

Plaintiff's Complaint should be dismissed because he failed to properly effect service of process on Defendant and the process purportedly served did not include a "notice of suit" as required by the FSIA. Section 1608 of the FSIA establishes the

---

[2] On August 29, 2005, Plaintiff filed a "Motion for Summary Judgment," requesting that the Court enter "a default Summary Judgment." Mot. at 2. In support of his Motion, Plaintiff asserts that he "properly served The Canadian Embassy on August 3, 2005" and that "[m]ore than the allotted twenty days allowed for a response from The Canadian Embassy has passed and no Answer has been made." Id. at 1. Plaintiff's assertions are completely devoid of merit. As an initial matter, foreign states are permitted 60 days, not 20 days, in which to answer or otherwise respond to a civil action filed in the United States courts. See 28 U.S.C. § 1608(d). In addition, for the reasons set forth herein, Plaintiff failed to properly serve process on Defendant.

-2-

::ODMA\PCDOCS\DC2DOCS1\685623\1

exclusive procedures that a plaintiff bringing an action against a foreign state in a United States court must follow in order to properly effect service of process on the foreign state. See Alberti v. Republic of Nicaragua, 705 F.2d 250, 253 (7th Cir. 1983); Lucchino v. Foreign Countries of Brazil et al., 631 F. Supp. 821, 825 (E.D. Pa. 1986). Absent a special arrangement between the plaintiff and the foreign state or an applicable international convention on service of judicial documents, service upon a foreign state shall be made by "sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." 28 U.S.C. § 1608(a). If service cannot be made upon the head of the ministry of foreign affairs of the foreign state concerned within 30 days, then service can be effected by:

> Sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services…

Id.

A "notice of suit" is defined as "a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation." Id. The applicable regulation specifies that the notice of suit must contain the following information:

(1)    Title of legal proceeding, full name of court, and case or docket number;

(2)    Name of foreign state (or political subdivision) concerned;

(3)    Identity of the other parties;

-3-

(4) Nature of documents served (e.g., Summons and Complaint or Default Judgment);

(5) Nature and purpose of the proceedings, why the foreign state (or political subdivision) has been named, and relief requested;

(6) Date of default judgment (if any);

(7) A response to a "Summons" and "Complaint" is required to be submitted to the court, not later than 60 days after these documents are received. The response may present jurisdictional defenses (including defenses relating to state immunity);

(8) The failure to submit a timely response with the court can result in a Default Judgment and a request for execution to satisfy the judgment. If a default judgment has been entered, a procedure may be available to vacate or open that judgment; and

(9) Questions relating to state immunities and to the jurisdiction of United States courts over foreign states are governed by the Foreign Sovereign Immunities Act of 1976, which appears in sections 1330, 1391(f), 1441(d), and 1602 through 1611, of Title 28, United States Code.

22 C.F.R. § 93.2. The notice of suit must also be accompanied by the text of the FSIA. Id. at § 93.2(e).

Plaintiff clearly did not comply with the service of process requirements established by the FSIA and its corresponding regulations.[3] Plaintiff attempted to effect service of process simply by mailing the summons and a copy of his Complaint to "The Canadian Embassy" in Washington, D.C. See Ex. B. As the legislative history of the FSIA makes clear, "service by mail on an embassy is precluded by the Act." Lucchino, 631 F. Supp. at 827 (citing H. Rep. No. 94-1487, 94th Cong., 2d Sess. 24-25, reprinted in

---

[3] The United States Department of State has already determined that Plaintiff did not serve the summons and copy of the Complaint in accordance with the provisions of the FSIA. See Ex. A. Accordingly, on September 2, 2005, the United States Department of State returned the summons and the copy of Plaintiff's Complaint to the Court. Id.

-4-

::ODMA\PCDOCS\DC2DOCS1\685623\1

1976 U.S. Code Cong. & Ad. News 6604, 6623).  Moreover, not only did Plaintiff fail to serve the appropriate official, Plaintiff also did not include the required notice of suit. Because Plaintiff did not follow the exclusive requirements for service of process established by the FSIA and its corresponding regulations, Plaintiff's attempt to serve process on Defendant is clearly insufficient.  See Alberti, 705 F.2d at 252-53 (service upon the Ambassador of Nicaragua in Washington, D.C. not adequate under the FSIA); Lucchino, 631 F. Supp. at 827 (service of process insufficient where service was by mail to the Mexican embassy in Washington, D.C. and did not include a notice of suit).

### B. Even If Service Of Process Had Been Sufficient, The Court Lacks Jurisdiction Over Plaintiff's Complaint

Even if the Court does not find sufficient grounds to dismiss this case under Rules 12(b)(4) and 12(b)(5), it should nevertheless dismiss it for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  The FSIA provides the "sole basis" for the United States courts to obtain subject matter jurisdiction over foreign states.  Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 434 (1989).  Under the FSIA, foreign governments are immune from suit in the United States unless the action falls within one of the enumerated exceptions.  See 28 U.S.C. §§ 1604, 1605; see also Goodman Holdings v. Rafidain Bank, 26 F.3d 1143, 1145 (D.C. Cir. 1994); Alberti, 705 F.2d at 252.  Thus, "these provisions condition the subject matter jurisdiction of the federal and state courts upon the existence of one of the exceptions to immunity set forth in the FSIA."  Velasco v. Government of Indonesia, 370 F.3d 392, 397 (4th Cir. 2004).

Courts have consistently recognized that the plaintiff bears the initial burden of proffering evidence showing that the foreign state is not entitled to sovereign immunity under an exception provided by the FSIA.  See, e.g., Djordjevich v. Bundesminister

-5-

Finanzen, No. 93-7149, 1997 WL 530499, at *1 (D.C. Cir. July 21, 1997); Cargill Int'l v. M/T Pavel Dybenko, 991 F.2d 1012, 1016 (2d Cir. 1993).  If the plaintiff carries his burden, then the burden shifts to the foreign state to prove that the particular case does not fall within the exceptions to sovereign immunity.  Id.

Plaintiff has not satisfied his initial burden of production.  In his Complaint, Plaintiff baldly asserts that "[t]his case falls under an exception to the FSIA" because Plaintiff "was engaged in commercial activity (i.e. promoting goods and services to the United States via trade shows and locating distributors etc.)."  Compl. ¶ 25.  Although the FSIA contains an exception to sovereign immunity for commercial activity by a foreign state in the United States, there must be a "significant nexus" between alleged commercial activity and the plaintiff's cause of action.  Filetech v. France Telecom, 212 F. Supp. 2d 183, 191 (S.D.N.Y. 2001).  Plaintiff has not provided any evidence linking the alleged commercial activity of Defendant in the United States to his claim of age discrimination.  His vague assertions of commercial activity are plainly insufficient to satisfy his burden of producing evidence showing that an exception to sovereign immunity applies.  See Djordjevich, 1997 WL 530499, at *2 (court lacked subject matter jurisdiction because plaintiff failed to identify the nature of the commercial activity that gave rise to his claim against the German government); Lane v. National Auto. Corp., No. 95-16968, 1997 WL 3619, at *3 (9th Cir. Jan. 3, 1997) (dismissing plaintiff's wrongful termination claims because they were not based upon the foreign state's commercial activities in the United States); Filetech, 212 F. Supp. 2d at 191 (no jurisdiction where plaintiff failed to demonstrate that defendant engaged in commercial

activities in the United States that gave rise to plaintiff's claim). Accordingly, this Court lacks jurisdiction over this action.[4]

### III.  CONCLUSION

For the foregoing reasons, Canada respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

/s/
Robert G. Ames
Lesley A. Pate
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004-1601
(202) 344-4000
(202) 344-8300 (facsimile)

Counsel for Canada

---

[4] Absent subject matter jurisdiction and proper service of process, this Court lacks personal jurisdiction over Defendant. See 28 U.S.C. § 1330(b) (subject matter jurisdiction coupled with proper service of process establishes personal jurisdiction).