IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANUEL M. ELLENBOGEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV01553 (JDB) |
| ) | |
| THE CANADIAN EMBASSY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

Defendant Canada hereby submits its Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss.

**I.     INTRODUCTION**

Plaintiff's Opposition fails to establish any valid basis for avoiding the dismissal of his age discrimination claims. In its Motion, Canada clearly demonstrated that Plaintiff failed to properly effectuate service of process in accordance with the Foreign Sovereign Immunities Act ("FSIA") and that, therefore, this Court lacks personal jurisdiction over it.

Responding to Canada's Motion, Plaintiff argues that service of process was proper because he substantially complied with the requirements of the FSIA.[1] See Opp. at 1-2. Plaintiff's argument, however, is wholly unpersuasive because the Canadian Embassy is a foreign state and the courts have consistently held that strict adherence to the requirements for service of process on foreign states under the FSIA is required.

---

[1] In his Opposition, Plaintiff also claims that he properly filed a Motion for Summary Judgment. See Opp. at 1. Plaintiff fails, however, to recognize that a foreign state has 60 days after being properly served with a summons, a copy of the complaint, and a notice of suit in which to answer or otherwise respond.

Therefore, as discussed below, Plaintiff's Complaint must be dismissed for improper service of process and lack of personal jurisdiction.

## II.   ARGUMENT

### A. Plaintiff Fails To Rebut Canada's Showing That This Action Should Be Dismissed Because Service Of Process Was Improper Under The Foreign Sovereign Immunities Act

Plaintiff has not – and cannot – rebut Canada's clear showing that his Complaint should be dismissed for improper service of process. See Mem. at 2-5. Indeed, Plaintiff does not dispute that he did not comply with the requirements established by the FSIA for service of process on a foreign state. Rather, Plaintiff claims that his "noncompliance with the technical requirements for service of process" should be excused because he substantially complied with the FSIA and because Canada received actual notice of his Complaint. See Opp. at 2-3. Plaintiff, however, fails to appreciate the critical distinction under the FSIA between service on a foreign state or one of its political subdivisions and service upon a foreign agency or instrumentality.

Section 1608(a) of the FSIA governs service of process upon a foreign state or a political subdivision thereof. Service of process upon a foreign agency or instrumentality, on the other hand, is governed by section 1608(b). In his Complaint, Plaintiff asserts claims against the Canadian Embassy. As a matter of law, the Canadian Embassy is a foreign state. See International Road Fed. v. Embassy of Democratic Republic of Congo, 131 F. Supp. 2d 248, 250 (D.D.C. 2001); Underwood v. United Republic of Tanzania, No. 94-902, 1995 WL 46383, at *2 (D.D.C. Jan. 27, 1995); Gray v. Permanent Mission of People's Republic of Congo, 443 F. Supp. 816, 819 (S.D.N.Y. 1978). This Court has explained that "[t]he functions of an embassy are so integrally

related to the core functions of government that it qualifies as part of the foreign state for service of process regardless of whether the embassy has a separate name and some power to conduct its own affairs." Underwood, 1995 WL 46383, at *2. Accordingly, service process upon the Canadian Embassy must comply with section 1608(a) of the FSIA.

Courts, including the D.C. Circuit, have consistently held that strict adherence to the terms of section 1608(a) is required. See Magness v. Russian Fed'n, 247 F.3d 609, 615 (5th Cir. 2001); Transaero, Inc. v. La Fuerza Aerea Boliviana, 30 F.3d 148, 154 (D.C. Cir. 1994); BPA Int'l v. Sweden, 281 F. Supp. 2d 73, 84 (D.D.C. 2003); Finamar Investors, Inc. v. Republic of Tadjikistan, 889 F. Supp. 114, 117-18 (S.D.N.Y. 1995). When strict compliance is required, whether or not the defendant received actual notice of the suit is irrelevant. See Finamar, 889 F. Supp. at 118. Substantial compliance is only permissible in the context of section 1608(b) where the defendant is an agency or instrumentality of a foreign state. See Magness, 247 F.3d at 616-17; Transaero, 30 F.3d at 153; Finamar, 889 F. Supp. at 117. Because section 1608(b) does not apply in this case, the legal authority relied upon by Plaintiff is inapposite.

Mailing a summons and a copy of the Complaint to "The Canadian Embassy" in Washington, D.C. plainly does not satisfy the service of process requirements set forth in section 1608(a). See Mem. at 2-5; see also BPA, 281 F. Supp. 2d at 84 (dismissing claims against Sweden for improper service under section 1608(a) where plaintiff mailed a copy of the summons and complaint to Sweden's embassy in Washington, D.C.). Accordingly, Plaintiff's failure to properly effectuate service of process warrants the dismissal of his Complaint.

-3-

### B. Plaintiff Fails To Rebut Canada's Showing That This Court Lacks Personal Jurisdiction Over Canada

In its Motion, Canada clearly demonstrated that because it was not properly served under section 1608(a), this Court lacks personal jurisdiction over it. See Mem. at 7 n.4. "When a defendant asserts that th[e] Court lacks personal jurisdiction, the burden is on the plaintiff to prove that jurisdiction can be exercised." Baltierra v. West Virginia Bd. of Med., 253 F. Supp. 2d 9, 13 (D.D.C. 2003) (citing Reuber v. United States, 787 F.2d 599, 599 (D.C. Cir. 1986)). Although not entirely evident from his Opposition, Plaintiff purportedly attempts to carry his burden by showing that service of process was proper. Plaintiff's attempt, however, fails because he has not – and cannot – establish proper service of process under the FSIA. See supra at 2-3. Plaintiff cannot, therefore, defeat Canada's Motion to Dismiss for lack of personal jurisdiction.

### III. CONCLUSION

For the foregoing reasons, Canada respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

/s/
Robert G. Ames
Lesley A. Pate
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004-1601
(202) 344-4000
(202) 344-8300 (facsimile)

Counsel for Canada

-4-

::ODMA\PCDOCS\DC2DOCS1\690589\1