UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Manuel M. Ellenbogen,

        Plaintiff,                        Civil Action No. 1:05CV01553 (JDB)

v.

The Canadian Embassy,

        Defendant.

## PETITIONER'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

NOW COMES Petitioner, to respond to Defendant's, the Canadian Embassy, motion that this action be dismissed pursuant to the Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(4) and 12(b)(5) and the Foreign Service Immunities Act, 28 U.S.C. §1608.

## FACTS

Petitioner properly filed a Complaint against the Defendant with the United States District Court for the District of Columbia, on August 2, 2005, for employment discrimination under 29 U.S.C. §621 et seq. Petitioner properly served the Defendant with a copy of the Complaint. A copy of the Affidavit of Service is attached hereto as <u>Exhibit A</u>. Petitioner properly filed a Motion for Summary Judgment with this Court.

1

## ARGUMENT

I. Plaintiff's Service Upon the Defendant Was Proper

Defendant first alleges in their Memorandum in Support of Defendant's Motion to Dismiss (the "Memorandum") that Plaintiff's Complaint should be dismissed because service was not proper under section 1608 of the Foreign Sovereign Immunities Act ("FSIA"). Defendant's claim is without merit, it is well-established that noncompliance with the technical requirements for service of process under 28 USCS § 1608, which purports to assure that actual notice is received by Defendant, does not render service invalid where notice is actually received.[1] Defendant makes no claim, in their Memorandum or otherwise, that notice was not received or that they were in any way prejudiced by being served at the Canadian Embassy in Washington DC.

The law is clear, 28 USCS § 1608 should not be strictly applied, so that service may be upheld where the serving party substantially complied with FSIA; the pivotal factor is whether defendant received <u>actual</u> notice and was not prejudiced by lack of compliance with FSIA.[2] Substantial compliance with provisions of service upon an agency or instrumentality of foreign state (i.e. service that gives actual notice of suit and consequences thereof to proper individuals within agency or instrumentality) is sufficient to effectuate service under 28 USCS § 1608.[3]

---

[1] See <u>Harris Corp. v National Iranian Radio & Television</u> (1982, CA11 Fla) 691 F2d 1344, 35 UCCRS 222.

[2] See <u>Straub v A P Green, Inc.</u> (1994, CA9 Ariz) 38 F3d 448, 94 CDOS 7908, 94.

[3] See <u>Magness v Russian Fed'n</u> (2001, CA5 Tex) 247 F3d 609, 49 FR Serv 3d 1227, cert den (2001) 534 US 892, 151 L Ed 2d 149, 122 S Ct 209 and cert den (2001) 534 US 892, 151 L Ed 2d 149, 122 S Ct 209.

Therefore, contrary to the allegations set forth in the Memorandum, service was proper and in accordance with 28 USCS § 1608[4].

Furthermore, in their Memorandum Defendant alleges that the proper defendant should be Canada and not The Canadian Embassy as charged by Plaintiff. There is no legal basis for this claim, there are numerous cases where plaintiffs have successfully filed complaints against outposts of foreign states.[5]

In the alternate, Plaintiff argues that service was proper under 28 USCS § 1608(b)(3)(B) which states that service is proper "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served (i.e. The Canadian Embassy).

## II. The Court Has Proper Jurisdiction Over Plaintiff's Complaint

Under the "commercial activities" exception to the FSIA, a foreign state is not immune if the plaintiff's cause of action is based upon a commercial activity carried on by a foreign state. The FSIA defines commercial activity as "a regular course of commercial conduct or a particular transaction or act." In determining the commercial character of an activity, the FSIA directs courts to examine the nature of the act or course of conduct, rather than the purpose.

---

[4] See also, Banco Metropolitano, S.A. Banco Metropolitano, S.A. v Desarrollo de Autopistas y Carreteras de Guatemala, Sociedad Anonima (1985, SD NY) 616 F Supp 301 (holding that service was proper under the FSIA where a Complaint in English was served upon the Guatemalan Consulate in New York and the proper Guatemalan officials were made aware of the suit.)

[5] See e.g. Rajaa Al Mukaddam v. Permanent Mission of Saudi Arabia to the United Nations, 111 F. Supp. 2d 457, 2000 U.S. Dist. LEXIS 12925.

The issues and facts in this case are directly parallel to those that were addressed by the Ninth Circuit U.S. Court of Appeals in Holden v. Canadian Consulate, 92 F.3d 918, 1996 U.S. App. Lexis 20064. In Holden, the Court held that an employee whose primary duties were promoting and marketing Canadian goods fell into the commercial activity exception under the FSIA. The Court stated "the nature of Holden's work, promotion of products, is regularly done by private persons. As such, her employment was a commercial activity, and thus the Consulate is not entitled to sovereign immunity under the FSIA[6].

As is documented by the seven attached Appraisal Reports in Exhibit B, the Plaintiff, Manuel M. Ellenbogen was engaged in commercial activity, promoting goods and services to the United States via trade shows and locating distributors, as was Holden. These were the duties that Plaintiff was hired by the Defendant to perform as is directly affirmed by the "job wanted ad" that is additionally included in Exhibit B. The job ad states in relevant part "immediate opening experienced individual with marketing background required to assist Canadian companies who wish to expand sales and provide information…the applicant will be required to assist in a broad range of products and services, experience in organizing trade shows and trade missions a definite asset." The collective information detailed in Exhibit B, is directly contrary to Defendant's laughable, misinformed, ignoramus and outright straying from the truth by claiming that Plaintiff was only able to make "vague allegations" relating to his employment. I ask the Court with all due respect, if the Plaintiff was not employed as a Commercial Trade Officer with the Defendant, then why did the Defendant pay Plaintiff close to a million dollars for approximately seventeen years?

---

[6] See Holden at 922.

4

Furthermore, in resolving a motion to dismiss, the Court must accept as true the factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff.[7] A complaint may not be dismissed under Rule 12 of the Federal Rules of Civil Procedure unless it is clear that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[8]

This is not the case here. Plaintiff has a claim upon which relief should be granted.

III. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss and grant Plaintiff's Motion for Summary Judgment.

Respectfully submitted,

Manuel M. Ellenbogen
Pro Se Plaintiff
546 White Oak Road
Blue Bell, PA 19422
(215) 646-4517
ellenbmp@comcast.net

---

[7] See Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).

[8] See Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Manuel M. Ellenbogen
546 White Oak Road
Blue Bell, PA 19422
ellenbmp@comcast.net
215-646-4517

        Plaintiff                     Civil Action No. 05-01553 (JDB)

       V.

The Canadian Embassy
501 Pennsylvania Avenue N. W.
Washington DC 20001

        Defendant

## ORDER

It is appearing to Court from the Motion for Summary Judgment and from the evidence presented and the Court Record that the Defendant has failed to answer the Plaintiff. Judgment in the amount of $350,264.00 is awarded Plaintiff.

                                                      John D. Bates
                                                      United States District Judge

## CERTIFICATE OF SERVICE

I, Manuel M. Ellenbogen hereby certify that on Monday, October 10th, 2005 I will cause a copy of the Petitioner's response to the Defendant's motion to dismiss and proposed order, to be served via certified first-class mail, postage prepaid, upon the following:

The Canadian Embassy, 501 Pennsylvania Avenue N.W. Washington DC 20001
Robert Ames, Lesley Pate, Venable LLP 575 7th Street, N.W. Washington DC 20004-1601
David Stewart, U.S. Department of State, 2201 C Street N.W. Washington DC 20520
Marie Tomasso, EEOC Philadelphia District Office, 21 South Fifth Street, Suite 400, Philadelphia, PA 19106

Manuel M Ellenbogen
546 White Oak Road
Blue Bell, PA 19422-1547
ellenbmp@comcast.net
215-646-4517