# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MANUEL ELLENBOGEN,

    Plaintiff,

        v.

THE CANADIAN EMBASSY,

    Defendant.

Civil Action No. 05-01553(JDB)

## MEMORANDUM OPINION

Plaintiff Manuel Ellenbogen brings this employment discrimination suit against "the Canadian Embassy" pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 et seq.  Plaintiff alleges that he was unlawfully discriminated against when he was terminated from his position as a business development officer in the Canadian Embassy in Washington, D.C., because of his age.

Plaintiff has submitted a motion for summary judgment that seeks a default judgment against defendant for failure to submit an answer to the complaint.  In response, defendant has moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5) for failure to properly effect service under the Foreign Sovereign Immunity Act ("FSIA"), 28 U.S.C. § 1608, and pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.  Plaintiff contends that service was proper and that subject matter jurisdiction exists under the "commercial activity" exception to the FSIA.

The Court concludes that plaintiff failed to properly serve defendant.  Accordingly, the

Court will grant defendant's motion and dismiss this case without prejudice.

## BACKGROUND

Plaintiff, a United States citizen, was an employee of the Canadian Embassy from 1987 to

2003, first as a commercial officer and then as a business development officer.  Compl. ¶ 5.

Plaintiff's duties included promoting Canadian goods and services in the American market

through trade shows and marketing campaigns.  Id. ¶ 6.  Beginning in September, 2002 and

continuing until his termination on August 27, 2003, plaintiff alleges that his work duties were

gradually taken from him and reassigned to younger officers because of his age.  Id. ¶¶ 12, 23.

Plaintiff alleges he was ultimately terminated because he was over the age of 40.  Id. ¶ 23.

Following his termination, plaintiff filed a complaint with the Equal Employment Opportunity

Commission but defendant declined to participate, citing sovereign immunity under the FSIA.

Id. ¶ 25.  Plaintiff filed this action on August 2, 2005, and attempted to serve the Canadian

Embassy by mailing directly to the Embassy a copy of the summons and complaint.  Pl.'s Opp'n

Ex. A.

## ANALYSIS

Section 1608(a) of the FSIA enumerates four methods through which a "foreign state or

political subdivision of a foreign state" may be served.  28 U.S.C. § 1608(a).  The FSIA

separately addresses service of process upon an "agency or instrumentality of a foreign state."  28

U.S.C. § 1608(b).  The service requirements under § 1608(b) are somewhat less stringent than

those under § 1608(a), and can be satisfied by "technically faulty" service as long as the

defendant receives adequate notice of the suit and is not prejudiced.  See Transaero, Inc. v. La

Fuerza Aerea Boliviana, 30 F.3d 148, 154 (D.C. Cir. 1994); see also Straub v. Green, 38 F.3d

448, 453 (9th Cir. 1994); B.P. Int'l, Inc. v. Kingdom of Sweden, 281 F. Supp. 2d 73, 84 (D.D.C.

2003).

Plaintiff incorrectly contends that defendant can be served under § 1608(b), based on the

presumption that the Embassy is an "agency or instrumentality" under the FSIA.  To the contrary,

it is well-settled that an embassy is a "foreign state" covered by § 1608(a), not an "agency or

instrumentality" thereof.  See Int'l Road Fed. v. Embassy of Democratic Republic of Congo, 131

F. Supp. 2d 248, 250 (D.D.C. 2001) ("Defendant is a foreign state."); Underwood v. United

Republic of Tanzania, 1995 U.S. Dist. LEXIS 1333 (D.D.C. Jan. 27, 1995) ("we conclude that as

a matter of law the embassy of a sovereign nation is a foreign state which must be served

pursuant to § 1608(a).").

The Court thus must assess whether plaintiff's service of process satisfied the FSIA

requirements for service on foreign states.  Section 1608(a) sets forth four methods by which

service may be effected upon a sovereign:

> (1) by delivery of a copy of the summons and complaint in accordance with any
> special arrangement for service between the plaintiff and the foreign state or
> political subdivision; or
>
> (2) if no special arrangement exists, by delivery of a copy of the summons and
> complaint in accordance with an applicable international convention on service of
> judicial documents; or
>
> (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the
> summons and complaint and a notice of suit, together with a translation of each
> into the official language of the foreign state, by any form of mail requiring a

signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

(4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

28 U.S.C. § 1608(a)(1)-(4).  These four methods of service are the exclusive channels through which service may be properly effected upon a foreign state.  See Transaero, 30 F.3d at 154.  In this action, the sufficiency of service under § 1608(a)(3) is at issue.[1]

Plaintiff has failed properly to serve plaintiff pursuant to § 1608(a)(3) because he has served process upon the wrong person, has failed to include all required documents, and has failed to have the documents addressed and dispatched by the clerk of the court.  Plaintiff's contention that "actual notice" will suffice is incorrect because this Circuit has held that strict adherence to § 1608(a) is required.  See Transaero, 30 F.3d at 154.  Service of process upon an embassy of a foreign state rather than upon the head of the ministry of foreign affairs does not meet the requirements set forth in § 1608(a)(3).  See Lucchino v. Brazil, 631 F. Supp. 821, 825 (E.D. Pa. 1986) (ruling that plaintiff failed to effect proper service under § 1608(a) when he attempted to serve the Mexican Consulate in Philadelphia and the Mexican Embassy in

---

[1]  There is no evidence of a "special agreement" between plaintiff and Canada or of a controlling international agreement.  Thus, §§ 1608(a)(1) and (2) do not apply.  Plaintiff presents no evidence that he attempted to serve defendant under § 1608(a)(4) and thus the court has no occasion to consider that provision; in any event, that avenue of service is only available if service cannot be made under § 1608(a)(3).

Washington instead of the head of the Mexican foreign service or through the U.S. Secretary of State); Alberti v. Empresa Nicaraguense de la Carne, 705 F.2d 250 (E.D. Ill. 1983) (holding that service was improper under § 1608(a)(3) when plaintiff served the Ambassador of Nicaragua to the United States and not the head of the Nicaraguan foreign service).   Furthermore, plaintiff failed to include the required notice of suit with a copy of the summons and complaint.[2]  See Def.'s Opp'n Ex. A.  There is also no evidence that the clerk of the court addressed and dispatched the papers as directed in § 1608(a)(3).  Therefore, plaintiff has failed to properly serve defendant in accordance with § 1608(a)(3).

Defendant also moves to dismiss for lack of subject matter jurisdiction.  Under the FSIA, foreign states are immune from suit unless the action falls within one of the enumerated exceptions, which defendant contends are not applicable here.  See 28 U.S.C. § 1605.  Plaintiff argues that subject matter jurisdiction exists under the "commercial activities" exception of the FSIA.  See 28 U.S.C. § 1605(a)(2).  In response, defendant inaccurately contends that the proper test is whether a "significant nexus" exists between the "commercial activity" in question and plaintiff's cause of action, citing Filetech v. France Telecom, 212 F. Supp. 2d 183, 191 (S.D.N.Y. 2001).  See Def. Reply at 6.  Both parties overlook the controlling case in this circuit addressing whether the "commercial activity" exception applies to employment actions against a sovereign government.  See El-Hadad v. United Arab Emirates, 216 F.3d 29 (D.C. Cir. 2000).  This Circuit focuses on whether the employee shall be considered a civil servant of the foreign state --  and thus noncommercial -- and requires consideration of several factors to make this determination,

---

[2]  Pursuant to Department of State regulations, the notice of suit must include basic information about the case, including the "nature and purpose of the proceedings," and the text of the FSIA.  22 C.F.R. § 93.2.

e.g., the foreign government's own laws defining civil servant and the employee's job title and duties in relation to that definition.  Id. at 34.  Since the issue of subject matter jurisdiction requires more development by the parties and is rendered effectively moot until plaintiff can properly effect service, the Court will not decide the issue at this time.

## CONCLUSION

For the foregoing reasons, the Court finds that plaintiff failed to properly effect service pursuant to § 1608(a) of the FSIA.  Accordingly, defendant's motion to dismiss will be granted, and this case will be dismissed without prejudice.  A separate order will be issued herewith.

/s/

JOHN D. BATES
United States District Judge

Dated:   November 9, 2005

Copies to:

Manuel M. Ellenbogen
546 White Oak Road
Blue Bell, PA 19422
Email: ellenbmp@comcast.net
      *Pro se*

Robert G. Ames
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
Email: rgames@venable.com
      *Counsel for defendant*