UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANUEL ELLENBOGEN,<br><br>    Plaintiff,<br><br>        v.<br><br>THE CANADIAN EMBASSY,<br><br>    Defendant. | Civil Action No.  05-1553 (JDB) |

### ORDER

    Before the Court is plaintiff's motion to reopen the case.  The Court dismissed the case on November 9, 2005, because plaintiff's service by mail on the Canadian Embassy failed to effect service of process in compliance with the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(a).  Consistent with the Court's Memorandum Opinion issued on that date, plaintiff has apparently abandoned his original position that actual notice to the Embassy is sufficient to comply with FSIA, and now states his intent to effect service on the Federal Central Authority in Canada pursuant to the Hague Convention or, alternatively, by serving the Canadian Minister of Foreign Affairs.  The Court cannot, of course, decide presently whether the service proposed by plaintiff would satisfy the requirements of § 1608(a).  The Court had no occasion in its prior decision to consider the applicability of the Hague Convention, under which service must be effected through a central repository.  See Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, Nov. 15, 1965, art. 3, 20 U.S.T. 361, 658 U.N.T.S. 163 (hereinafter "Hague Convention"); see also Volkswagenwerk

Aktiengesellschaft v. Schlunk, 486 U.S. 694, 698 (1988).[1]  Defendant did not reference lack of compliance with the Hague Convention as a ground for deficient service in its original motion to dismiss, and the Court thus gave it no consideration.  See Mem. Op. at 4 n.1.  There are questions as to whether the service of process contemplated by plaintiff will satisfy the requirements of § 1608(a), and there are many details on plaintiff's plan for execution of service that remain unknown.

       The Court finds, however, that reopening the case to allow plaintiff another attempt at service is nonetheless necessary.  Although the November 9, 2005 dismissal was without prejudice to the filing of a new complaint, any refiled complaint would be time-barred pursuant to the 90-day limitations period under 29 U.S.C. § 626(e), in light of the EEOC's issuance of  a right-to-sue letter on May 23, 2005.  Id. § 626(e) ("A civil action may be brought . . . against the respondent named in the charge within 90 days after the date of the receipt of such notice [of dismissal from the EEOC]."  Granting plaintiff another opportunity to properly effect service is considered the better course where dismissal for inadequate service "signals the demise of all or some of the plaintiff's claims," and plaintiff has not acted in a neglectful manner.  See Jordan v. United States, 694 F.2d 833, 836 (D.C. Cir. 1982) (per curiam) (considering impact of statute of limitations and plaintiff's conduct on whether district court must allow plaintiff to reinstate a complaint dismissed for inadequate service on the United States).

---

[1]  If plaintiff is correct that the Hague Convention applies to this case, service on the Minister of Foreign Affairs under § 1608(a)(3) would be inadequate.  See Doe v. Israel, 2005 WL 3037142, *6 (D.D.C. Nov. 10, 2005) ("A plaintiff does not have the privilege to choose from among these four methods [of service].  The plain language of § 1608(a) makes clear that the FSIA lists the methods in descending order of preference.").

At the same time, the Court recognizes that the 120-day period for effecting service of process under Fed. R. Civ. P. 4(m) expired on December 2, 2005, and plaintiff spent much of that time defending his insufficient service on the Canadian Embassy. The Court will not countenance additional delays in service of process or repeated attempts to cure future deficiencies that may arise from plaintiff's misunderstandings of the law.

For the foregoing reasons, it is hereby

ORDERED that plaintiff's motion to reopen is GRANTED; it is further

ORDERED that plaintiff shall file proof of service of process by not later than January 20, 2006; and it is further

ORDERED that, if plaintiff fails to comply with this Order, or if the Court determines that plaintiff has not shown good cause for the failure to complete service in compliance with Rule 4(m), this case will be dismissed without prejudice.



/s/
JOHN D. BATES
United States District Judge

Dated:   December 20, 2005

Copies to:

Manuel M. Ellenbogen
546 White Oak Road
Blue Bell, PA 19422
    *Pro se*

Leslie A. Pate
Robert G. Ames
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
Email: rgames@venable.com, lapate@venable.com
    *Counsel for defendant*