IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MANUEL M. ELLENBOGEN,            )
                                 )
        Plaintiff,               )
                                 )
v.                               )    Civil Action No. 1:05CV01553 (JDB)
                                 )
THE CANADIAN EMBASSY,            )
                                 )
        Defendant.               )
_____)

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT OF SERVICE AND TO DISMISS FOR FAILURE TO EFFECT SERVICE OF PROCESS WITHIN THE PRESCRIBED TIME LIMIT**

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Defendant Canada[1] hereby submits its Memorandum in Support of its Motion to Strike Plaintiff's Affidavit of Service and to Dismiss for Failure to Effect Service of Process Within the Prescribed Time Limit.

I.   **INTRODUCTION AND SUMMARY**

On August 2, 2005, Plaintiff, a former employee of Canada, filed this action, asserting that Canada discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., when it terminated his employment. Plaintiff mailed a summons and a copy of his Complaint via express overnight mail to the Canadian Embassy in Washington, D.C. On September 30, 2005, Canada moved to dismiss Plaintiff's Complaint for failure to effectuate service of process properly under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330,

---

[1] Defendant is incorrectly named in the case caption as "The Canadian Embassy." Although Defendant previously advised Plaintiff that the proper party-defendant to this matter is the foreign state of Canada, Plaintiff has failed to correct this defect in his pleadings.

1602-1611, and for lack of subject matter jurisdiction. Granting Canada's Motion, the Court found that Plaintiff failed to effect service properly pursuant to § 1608(a) of the FSIA. On November 9, 2005, the Court dismissed Plaintiff's case without prejudice.

On November 21, 2005, Plaintiff filed a "Motion to Reopen the Case," requesting that the Court reopen the case to allow him to effect proper service and seeking an advisory opinion regarding the validity of his proposed method of service. Recognizing that Plaintiff would be time-barred from filing a new complaint, the Court granted Plaintiff's Motion, in part, on December 20, 2005. While declining to provide an advisory opinion, the Court ordered Plaintiff to "file proof of service of process" as required by the FSIA no later January 20, 2006.

Plaintiff filed an "Affidavit of Service" on January 18, 2006. In his Affidavit, Plaintiff declares that on January 13, 2006, he mailed via federal express two copies of the USM94 form ("Request for Service Abroad of Judicial or Extrajudicial Documents"), a summons, the Complaint, and a Notice of Suit to the Legal Advisory Division Director of the Federal Central Authority in Canada. As explained below, Plaintiff's Affidavit does not constitute the required proof of service of process. Plaintiff has failed to comply with the Court's Order dated December 20, 2005, and therefore, this matter should be dismissed.

## II.  ARGUMENT

Section 1608(a) of the FSIA enumerates the methods for serving process on a foreign state in a four-step hierarchical manner:

> (1) by delivering a copy of the summons and the complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

(2)     if no special arrangement exists, by delivering a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

(3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned; or

(4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services – and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

By using the USM94 form ("Request for Service Abroad of Judicial or Extrajudicial Documents") and having the materials delivered to the Legal Advisory Division Director of the Federal Central Authority in Canada, Plaintiff attempted to effect service under paragraph (2) of section 1608(a). The "applicable international convention," as set forth on the USM94 form, is the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("the Hague Convention"), which has been recognized by this Court as an "applicable international convention" under paragraph (2). See *Doe v. State of Israel*, 400 F. Supp. 2d 86, 101-02 (D.D.C. 2005) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988)). The Hague Convention requires "[e]ach contracting State" to "designate a Central Authority which will undertake to receive requests for service coming from other contracting States…" Hague Convention, Nov. 15, 1965, art. 2. As a

signatory to the Hague Convention, Canada has designated a central authority in each of its provinces or territories or the Federal Central Authority to receive service of process requests.

To effect service of process under the Hague Convention, a party must forward two copies of the requisite documents and any prescribed fee to the central authority in the jurisdiction in which service is sought and then await confirmation of service. Once service has been made, a copy of the documents will be returned to the originating party along with a certificate of service. This certificate of service is subsequently filed with the Court as proof of service of process. Hague Convention, Nov. 15, 1965, arts. 3, 5, 6.

Recognizing that the 120 day period to effect service of process under Rule 4(m) expired on December 2, 2005, the Court ordered Plaintiff to "file ***proof*** of service of process" no later than January 20, 2006. 12/20/05 Order at 3 (emphasis added). In its Order, the Court admonished Plaintiff that it "would not countenance additional delays in service of process or repeated attempts to cure future deficiencies that may arise from plaintiff's misunderstandings of the law." Id.

Despite the Court's warning, Plaintiff's Affidavit consists of nothing more than his own statement that he mailed the Complaint, summons, notice of suit, and fifty (50) Canadian dollars to the Federal Central Authority in Canada. Plaintiff has not provided proof of service of process as required under FSIA and this Court's Order of December 20, 2005. The service of process deadline established by the Court has now passed, and therefore, Plaintiff's case should be dismissed.

## III. CONCLUSION

For the foregoing reasons, Canada respectfully requests that the Court strike Plaintiff's Affidavit of Service, holding that it satisfies neither this Court's Order nor the requirements of the Foreign Sovereign Immunities Act. Canada further requests that the Court dismiss this action pursuant to Rule 4(m) for failure to effect service of process within the prescribed time limit.

                Respectfully submitted,
                /s/
                Robert G. Ames
                Lesley A. Pate
                Venable LLP
                575 7th Street, N.W.
                Washington, D.C. 20004-1601
                (202) 344-4000
                (202) 344-8300 (facsimile)

                Counsel for Canada