UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MANUEL ELLENBOGEN,

    Plaintiff,

    v.

THE CANADIAN EMBASSY,

    Defendant.

Civil Action No. 05-1553 (JDB)

## MEMORANDUM AND ORDER

Before the Court are defendant's motion to strike plaintiff's affidavit of service and to dismiss for failure to effect service of process within the prescribed time limit, and plaintiff's several responses thereto, including a motion to reject defendant's motion, motion for extension of time to serve process, and motion for summary judgment based on the absence of an answer to plaintiff's complaint.

The Court dismissed the case on November 9, 2005, because plaintiff's service by mail on the Canadian Embassy failed to effect service of process in compliance with the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(a). Mem. Op. at 4-6 (Nov. 9, 2005). Shortly thereafter, the Court granted plaintiff's motion to reopen the case based on his representation that he intended to effect service of process pursuant to the Hague Convention, under which service must be effected through a central authority. See Order at 1-2 (Dec. 20, 2005) (citing Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, Nov. 15, 1965, art. 3, 20 U.S.T. 361, 658 U.N.T.S. 163 (hereinafter "Hague Convention")). The Court further ordered that plaintiff must file proof of service by not later than January 18, 2006, and that failure to comply with that deadline would

result in dismissal without prejudice absent a showing of good cause for failure to complete service by the deadline. Order at 3.

On January 18, 2006, plaintiff filed an affidavit of service stating that he had sent to the Federal Central Authority in Canada (via Federal Express) two sets of documents, including Form USM94 ("Request for Service Abroad of Judicial or Extrajudicial Documents"), the summons, complaint, notice of suit, and a check in the amount of CAD$50.00. Dkt. #17 (Jan. 18, 2006). Defendant agrees that service under the Hague Convention is appropriate and required, but contends that plaintiff's proof of service is inadequate because, pursuant to articles 3, 5, and 6 of the Hague Convention, only a certificate of service from the central authority constitutes valid proof of service. Articles 4 and 6 provide that, notwithstanding a plaintiff's attempt to effect service through a country's central authority, the authority may refuse to complete service if it specifies objections or the reasons which have prevented service. Article 4 states: "If the Central Authority considers that the request does not comply with the provisions of the present Convention it shall promptly inform the applicant and specify its objections to the request." Article 6 states:

> The Central Authority of the State addressed or any authority which it may have designated for that purpose shall complete a certificate in the form of the model annexed to the present Convention.
>
> The certificate shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered. If the document has not been served, the certificate shall set out the reasons which have prevented service.
>
> The applicant may require that a certificate of service not

>completed by a Central Authority or by a judicial authority shall be countersigned by one of these authorities.
>
>The certificate shall be forwarded directly to the applicant.

Hague Convention, art. 6.

In response to defendant's motion, plaintiff initially moved for an extension of time to allow time for him to obtain the certificate from Canada's Federal Central Authority. See Dkt. #22 (Mar. 21, 2006). However, in early April 2006, he advised the Court that the Central Authority had informed him it was returning the documents plaintiff had mailed in January because it accepts complaints only from "the authority or judicial officer," apparently a reference to article 3 of the Convention. Dkt. #25 (Apr. 10, 2006); Dkt. #24 (Apr. 3, 2006). Plaintiff thus requested an extension of time "to have this Honorable Court serve the complaint together with the appropriate documents."[1] Dkt. #24, at 1-2. Plaintiff mailed a letter to the Clerk of the Court enclosing two copies of the summons, complaint, and notice of suit, and requested her assistance in effecting service. Dkt. #25 (Apr. 10, 2006). The Court has been advised that a deputy clerk, acting in accordance with standard procedures, completed the summons and prepared a registered mail card indicating the Clerk of the Court as the sender and return addressee, and returned the documents to plaintiff to carry out the mailing. On or about April 25, 2006, the Clerk of the Court received a registered mail receipt from plaintiff, apparently indicating that he had sent the

---

[1] To the extent plaintiff believes that it is the Clerk's duty to make substantive determinations as to how best to effect service (e.g., in his request to her to take "all necessary steps," Dkt. #25), plaintiff is misguided. Rather, the Foreign Sovereign Immunities Act consistently refers to the summons, complaint, and related papers as being "addressed and dispatched" by the clerk -- essentially, an administrative function. See 28 U.S.C. §1608(a)(3)-(4) and § 1608(b)(3). The clerk of the court is not responsible for making substantive determinations as to the proper means for effecting service of process under the FSIA or international conventions referenced therein.

documents dispatched by the Clerk, through registered mail to the Ministry of the Attorney General, Ontario.[2]  Dkt. #26 (Apr. 26, 2006).  Although the certificate of mailing contains a boilerplate statement from Form CO 939, signed by the deputy clerk, that "I mailed" the service of process documents, the Court is advised that plaintiff executed the mailing (including selecting the recipient), as will generally be the case.

The Court concludes that, based upon the foregoing series of events, plaintiff has shown good cause for an extension of time in which to complete service of process.  He filed proof of the attempts he made to effect service within the original January 18, 2006 deadline, and it appears that the timing of the central authority's response was beyond his control.  As indicated above, his attempt to effect service ultimately was rejected by the central authority on the ground that it failed to comply with the Convention's requirement of service through "a judicial officer."  Although the Court has previously cautioned plaintiff that additional delays in service arising from his misunderstandings of the law would not be a valid basis for further extensions, the Court is reluctant to dismiss this action in light of plaintiff's recent good faith attempts, his prompt

---

[2]  The Court notes that the mail receipt did not indicate any service of documents on the Federal Central Authority.  This change in method of service is puzzling in light of defendant's statement -- and plaintiff's apparent prior agreement -- that service through the Federal Central Authority is required pursuant to the Hague Convention.  A plaintiff does not have the privilege of choosing among the four methods of service set forth in the FSIA.  The plain language of § 1608(a) makes clear that the FSIA lists the methods in descending order of preference; a plaintiff may only attempt service through the third method, for example, "if service cannot be made" under the first two methods.  28 U.S.C. § 1608(a)(3); see also Bybee v. Oper Der Standt Bonn, 899 F. Supp. 1217, 1221-22 (S.D.N.Y. 1995) (holding that plaintiff could not bypass service of process under Hague Convention even though her first attempt was defective and reservice would be expensive, in light of similar provision in § 1608(b) allowing alternative means of service only "if service cannot be made" under applicable international conventions).  The Court does not at this time make any judgment about the sufficiency of the service contemplated by plaintiff.

renewal of steps to effect service, and his pending service of process.  The 1963 advisory committee notes to Rule 4 recognized that "service of process beyond the territorial limits of the United States may involve difficulties not encountered in the case of domestic service" -- a statement that remains true today.  Thus, the Court will grant plaintiff an additional 90 days to complete service of process and file the appropriate proof of service.

The granting of this further extension should not be construed as indicating the Court's inclination to grant any further requests for extensions of time to cure future deficiencies.  Indeed, just the opposite is true.  Considering that this is plaintiff's third attempt at service of process -- coming almost nine months after the complaint was filed -- the Court is not inclined to give plaintiff another opportunity absent extraordinary circumstances.  As the Court noted in its Order reopening this action, one of the factors in determining whether a plaintiff should be given another opportunity to effect service is whether plaintiff has acted in a neglectful manner. See Order at 2 (Dec. 20, 2005) (citing Jordan v. United States, 694 F.3d 833, 836 (D.C. Cir. 1982)).  The Court thus views this extension as plaintiff's last chance to complete service.

Accordingly, it is hereby

ORDERED that [#18] defendant's motion to strike plaintiff's affidavit of service and to dismiss for failure to effect service within the prescribed time limit is DENIED; it is further

ORDERED that [#24] plaintiff's request for extension of time to serve process is GRANTED; it is further

ORDERED that plaintiff shall file proof of service by not later than July 25, 2006; it is further

ORDERED that [#21] plaintiff's motion for summary judgment is DENIED; it is further

ORDERED that defendant's response to the complaint, including any motion pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service, shall be filed by not later than 60 days after plaintiff files proof of service; and it is further

ORDERED that the other pending motions [#19, #22] are DENIED AS MOOT.

SO ORDERED.

/s/
JOHN D. BATES
United States District Judge

Dated:  April 26, 2006

Copies to:

Manuel M. Ellenbogen
546 White Oak Road
Blue Bell, PA 19422
    *Pro se*

Leslie A. Pate
Robert G. Ames
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
Email: rgames@venable.com, lapate@venable.com
    *Counsel for defendant*