## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANUEL M. ELLENBOGEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:05CV01553 (JDB) |
| | ) |
| THE CANADIAN EMBASSY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ANSWER

Canada,[1] by and through undersigned counsel, hereby states as follows its Answer to Plaintiff's Complaint. All factual allegations not answered below shall be assumed to be denied.

1.    Canada admits that Plaintiff's Complaint purports to assert a claim of age discrimination relating to the termination of his employment on August 31, 2003. To the extent Paragraph 1 of the Complaint contains any allegation of fact, that allegation is denied.

2.    Canada admits that Plaintiff's Complaint purports to assert a claim of age discrimination under the Age Discrimination in Employment Act. The remaining allegations of Paragraph 2 of the Complaint contain legal conclusions, which Canada need not admit or deny.

3.    Canada admits that Plaintiff is an adult male and that it employed Plaintiff until August 31, 2003. Canada lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 3 of the Complaint and, therefore, denies the same.

---

[1] Defendant is incorrectly named in the case caption as "The Canadian Embassy."

4.      Canada admits that at the time of the alleged discrimination it had 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.  Canada denies the remaining allegations of Paragraph 4 of the Complaint.

5.      Canada admits that it hired Plaintiff on January 28, 1986 as a Commercial Officer working in the Canadian Consulate General in Philadelphia, Pennsylvania and that the Philadelphia Consulate was closed on March 31, 1987.  Canada admits that Plaintiff worked in the Canadian Defense Production Office in Philadelphia from April 1, 1987 to June 13, 1987 and that it employed Plaintiff on an emergency basis in Philadelphia from June 14, 1987 through June 21, 1987.  Canada admits that it appointed Plaintiff to a position as a locally engaged Commercial Officer at its Embassy in Washington, D.C. on July 22, 1987.  Canada admits that it reclassified Plaintiff's position as a Business Development Officer in 1998.  Canada denies the remaining allegations of Paragraph 5 of the Complaint.

6.      Canada admits that Plaintiff's job duties during his tenure at the Canadian Embassy included, but were not limited to, developing export markets and promoting Canadian biotechnology, medical, pharmaceutical, telecommunications, construction and building materials, industrial and agricultural commodities as well as related equipment and services in the mid-Atlantic region by directly supporting the export marketing efforts of Canadian businesses, federal and provincial governments and trade associations, implementing and evaluating promotional programs to develop export opportunities for Canadian suppliers of goods and services and working to increase the overall market for the aforementioned Canadian industries.

-2-

7.    Canada denies the allegations in the first sentence of Paragraph 7 of the Complaint. Canada admits that its official languages are English and French. Canada lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint and, therefore, denies the same. Upon information and belief, Canada avers that Plaintiff holds a B.S. degree from St. Joseph's College and an M.A. degree from Villanova University.

8.    Canada admits that Plaintiff received regular and periodic salary increases during his employment. Canada denies the remaining allegations of Paragraph 8 of the Complaint.

9.    Canada admits that upon the conversion of the classification system, Plaintiff's assigned level was LE-9, step 10, which is at the top of the LE-9 grade. Canada denies the remaining allegations of Paragraph 9 of the Complaint.

10.    Canada admits that Plaintiff received periodic work performance evaluations during his employment. Canada denies the remaining allegations of Paragraph 10 of the Complaint.

11.    Canada admits that Plaintiff received letters of appreciation for his services from Canadian and American clients during his employment. Canada lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 11 of the Complaint and, therefore, denies the same.

12.    Canada denies the allegations of Paragraph 12 of the Complaint.

13.    Canada denies the allegations of Paragraph 13 of the Complaint.

14.    Canada admits that the biotechnology was one of Plaintiff's primary sectors. Canada denies the remaining allegations of Paragraph 14 of the Complaint.

-3-

15.    Canada admits that on May 30, 2003, Plaintiff sent an e-mail to Lynda Watson and Leslie Reissner requesting a meeting. Canada denies the remaining allegations of Paragraph 15 of the Complaint.

16.    Canada admits that on or about June 3, 2003, Plaintiff met with Lynda Watson and Leslie Reissner to discuss his job duties and BIO2003. Canada admits that BIO2003 held in Washington, D.C. in late June 2003. Canada denies the remaining allegations of Paragraph 16 of the Complaint.

17.    Canada admits that during his employment, Plaintiff organized FDA training missions in Canada. Canada further admits that it asked Plaintiff not to attend the FDA export training mission in Montreal in June 2003. Canada denies the remaining allegations of Paragraph 17 of the Complaint.

18.    Canada admits that one of the purposes of having Plaintiff attend the FDA training mission in Montreal would have been to enable him to meet with medical equipment manufacturers in the region to prepare for further missions. Canada denies the remaining allegations of Paragraph 18 of the Complaint.

19.    Canada lacks sufficient knowledge or information to form a belief as to the truth of the last sentence of Paragraph 19 of the Complaint and, therefore, denies the same. Canada denies the remaining allegations of Paragraph 19 of the Complaint.

20.    Canada denies the allegations of Paragraph 20 of the Complaint.

21.    Canada admits that on August 27, 2003, it informed Plaintiff in writing that his services would no longer be required after August 29, 2003.

-4-

22.    Canada admits that he was informed that it was "necessary to reduce the International Business Development Program of the Canadian Embassy in Washington." Canada. Canada denies the remaining allegations of Paragraph 22 of the Complaint.

23.    The allegations of Paragraph 23 of the Complaint contain legal conclusions, which Canada need not admit or deny. To the extent Paragraph 23 of the Complaint contains any allegation of fact, that allegation is denied.

24.    Canada admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. Canada denies the remaining allegations of Paragraph 24 of the Complaint.

25.    The allegations of Paragraph 25 of the Complaint contain legal conclusions, which Canada need not admit or deny. To the extent Paragraph 25 of the Complaint contains any allegation of fact, that allegation is denied.

26.    The allegations of Paragraph 26 of the Complaint contain legal conclusions, which Canada need not admit or deny. To the extent Paragraph 26 of the Complaint contains any allegation of fact, that allegation is denied.

27.    The allegations of Paragraph 27 of the Complaint contain legal conclusions, which Canada need not admit or deny. To the extent Paragraph 27 of the Complaint contains any allegation of fact, that allegation is denied.

28.    The allegations of Paragraph 28 of the Complaint contain legal conclusions, which Canada need not admit or deny. To the extent Paragraph 28 of the Complaint contains any allegation of fact, that allegation is denied.

29.    Canada denies that Plaintiff is entitled to the relief sought in Paragraph 29 of the Complaint.

The "Jury Demand" section of the Complaint is a demand for a jury trial, which Canada need not admit or deny.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint, or portions thereof, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Complaint, or portions thereof, is barred by the applicable statutes of limitations, laches or both.

### Third Affirmative Defense

Plaintiff incurred no damages.

### Fourth Affirmative Defense

Some or all of the damages sought by Plaintiff are not available under the causes of action he alleges.

### Fifth Affirmative Defense

Certain of the employment actions described in Plaintiff's Complaint do not as a matter of law constitute adverse employment actions.

### Sixth Affirmative Defense

Canada had legitimate, nondiscriminatory and non-pretextual reasons for the employment actions described in Plaintiff's Complaint

### Seventh Affirmative Defense

At all times relevant to this action, Canada maintained a non-discrimination policy that prohibited unlawful discrimination based upon age.  Canada had no

-6-

knowledge of any unauthorized conduct that constituted unlawful discrimination of

Plaintiff based on age.

## Eighth Affirmative Defense

Canada's actions were undertaken in good faith, without malice and without

intent such that the relief sought is not available.

## Ninth Affirmative Defense

The wrongs alleged, if any, were justified and/or excused under the

circumstances.

## Tenth Affirmative Defense

The Complaint, or portions thereof, is barred because Canada was privileged to do

(and acted rightfully and with justifiable cause in doing) what it did.

## Eleventh Affirmative Defense

Plaintiff has failed to mitigate the damages, if any, that he claims against

Defendant.

## Twelfth Affirmative Defense

The Complaint, or portions thereof, is barred by the doctrines of waiver, estoppel

and unclean hands.

## **Reservation of Rights**

Canada hereby gives notice that it tends to rely on such other and further

affirmative defenses as may become available during discovery in this action and

reserves the right to amend its Answer to assert any such defense.

Respectfully submitted,

/s/
Robert G. Ames, D.C. Bar No. 234393
Lesley A. Pate, D.C. Bar No. 485139
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000
(202) 344-8300 (facsimile)

Counsel for Canada

-8-

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, 2006, I caused a copy of the

foregoing Answer to be served via first-class mail, postage prepaid, upon the following:

Manuel M. Ellenbogen
546 White Oak Road
Blue Bell, PA 19422

Lesley A. Pate