# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MANUEL M. ELLENBOGEN,     )
                               )
        Plaintiff,        )
                               )
v.                            )    Civil Action No. 1:05CV01553 (JDB)
                               )
THE CANADIAN EMBASSY,     )
                               )
        Defendant.     )
_____)

Pursuant to Fed. R. Civ. P. 26(a)(1) Manuel M. Ellenbogen makes the following Initial Disclosure.

This initial disclosure is based on the information now reasonably available to Plaintiff. This initial disclosure does not include information that may in the future be elicited or developed by Plaintiff. This initial disclosure is made without prejudice to Plaintiff's right to produce evidence subsequently discovered or developed and without prejudice to Plaintiff's right to amend or supplement this disclosure in the future or to present other evidence or argument.

## A.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Pursuant to FRCP 26(a)(1)(A), Plaintiff does not know of any individuals likely to have discoverable information that Defendant may use to support its claims or defenses. Plaintiff reserves the right to supplement the following list after further discovery and investigation.

**RECEIVED**

SEP 2 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**B.    DOCUMENTS, DATA COMPILATIONS AND TANGIBLE THINGS**

Pursuant to FRCP 26(a)(1)(B) Plaintiff has in his possession documents relating to his

employment with the Canadian Embassy all of which are referenced in the Complaint. These

documents are in Plaintiff's possession and located in Blue Bell, Pennsylvania. Plaintiff does not

have any data compilations and/or tangible things in his possession, custody, or control that it

may use to support his claims. Plaintiff reserves the right to supplement the above after further

discovery and investigation.

**C.    COMPUTATION OF DAMAGES**

Pursuant to FRCP 26(a)(1)(C), Plaintiff lists the following damages:

- Lost wages for 3 years - September 1st 2003-August 31, 2006— US $248,799 (Last year of full gross earnings was during the calendar year 2002 and the gross wages for that period were US $82,933)

- Average salary increases for the years 2004, 2005 and 2006 computed at 3 per cent per US $7,691. Anticipated lost wages for the years 2007 and 2008 including the 3 per cent annual salary increase-US $189,486.

- Pension benefits accumulation during the five year period calculated at 1.75 per cent per year (average salary used for this calculation US $85,000) ---US  $7,440

- Estimated interest loss on missed wage payments at $1,000/year-US$5,000

- Medical Insurance payment increases due to dismissal, annual incremental costs $4,444 @ 5 years --US  $22,220

TOTAL-----US$480,636

Additional losses not included in the above calculation:  At the time of my

dismissal I had accumulated some 100 unused medical leave days with an estimated value of some US$20,000. The value of my life insurance policy was substantially reduced. The long term disability insurance policy was terminated. For a period of 3 plus 2 years the Plaintiff was deprived of the satisfaction of work in his chosen field and of being gainfully employed.

Plaintiff reserves the right to provide information concerning its damages computation after further discovery and investigation. To the extent Plaintiff becomes aware of documents that will support its computation of damages, Plaintiff will make such documents available for inspection and copying pursuant to FRCP 26(a)(1)(C).

The Plaintiff Prays the Court to consider appropriate damages for emotional pain, suffering and distress for the debasing process preceding and ending in employment termination.

**D.    INSURANCE AGREEMENTS**

Plaintiff is currently unaware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Respectfully submitted

Manuel M. Ellenbogen Pro Se
546 White Oak Road
Blue Bell, PA 19422-1547
ellenbmp@comcast.net
215-646-4517
610-247-6088

CERTIFICATE OF SERVICE

I, Manuel M. Ellenbogen Pro Se Plaintiff hereby certify that on Saturday, September 23, ,

2006 I will cause a copy of the Plaintiff's Initial Disclosure under the Federal Rule 26n to

be delivered ,via first class mail, postage prepaid, upon the following:

Mr. Robert Ames, Ms. Lesley Pate, Venable LLP 575 7th Street, N.W. Washington DC
20004-1601

Ms. Marie Tomasso, Director EEOC, Philadelphia District Office, 21 S Fifth Street, Suite
400, Philadelphia, PA 19106

Manuel M. Ellenbogen, Pro Se
546 White Oak Road
Blue Bell, PA 19422
ellenbmp@comcast.net
215-646-4517