## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC 1 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| MANUEL M. ELLENBOGEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05CV01553 (JDB) |
| | ) | |
| CANADA, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATED CONFIDENTIALITY ORDER

The parties hereby stipulate, and it is hereby ordered as follows:

1.    The parties may designate certain documents they each have produced for inspection and copying, portions of deposition transcripts, and their respective discovery responses in this action as confidential ("Confidential Material") when they believe in good faith that it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information, including without limitation confidential personnel records or files.  Any dispute as to the designation of any materials as confidential shall be resolved by the Court upon motion of either party, with the burden remaining on the party seeking confidentiality to justify it under Rule 26(c) of the Federal Rules of Civil Procedure.

2.    Confidential Material shall be designated as follows:

a.    In the case of designated documents, there shall be placed on each page of each document the following legend: "CONFIDENTIAL."

b.    In the case of a party designating portions of its responses to interrogatories, responses to requests for production, responses to requests for admissions

and experts' statements, there shall be placed on each page of each such materials the following legend: "CONFIDENTIAL."

       c.    In the case of a party designating portions of deposition transcripts and/or exhibits, there shall be placed on each page of the designated portions the following legend: "CONFIDENTIAL. Within fifteen (15) days of receipt of a deposition transcript, the party must inform the court reporter and opposing counsel which pages and/or exhibits must be so marked. Prior to the conclusion of this fifteen (15) day period and the party's notification pursuant to this Paragraph, both Plaintiff and Defendant shall maintain the deposition and all of its exhibits in strict confidence.

       d.    In the event that documents or information that could have been, but through inadvertence were not, designated as Confidential Material are produced by a party, the party producing the documents or information may subsequently designate them as Confidential Material by providing written notice of the designation to all parties who have received or have access to the documents or information. Upon receiving such notice, the parties shall immediately take such actions as are necessary to maintain the Confidential Material in conformity with this Order.

       3.    Material designated "Confidential" and all copies and summaries thereof shall not be disclosed to persons other than (1) the parties in this action and employees who have a need to know only; provided that, without the prior authorization of the opposing party, a non-managerial employee of a party shall only have access to their own personnel file and other Confidential Material to which they have had or have access to in the course of their duties for the party, (2) counsel of record for the parties in this action and their employees (only employees who have a need to know), (3) the Court, (4)

witnesses at depositions and at trial and (5) experts and consultants shall be limited to documents that the experts or consultants reasonably need to review in their roles as experts or consultants.

      6.     Confidential documents may be disclosed to the Court in connection with any filing or proceeding in this Action, but the party disclosing it shall cause the Confidential documents to be filed under seal. Portions of briefs or affidavits that contain Confidential Material may be designated as Confidential Material by the party filing the brief or affidavit by marking the word "Confidential" on each page of the brief or affidavit containing Confidential Material. If briefs, affidavits and deposition transcripts containing Confidential Material are designated by a party as confidential, then the parties shall file them as follows:

      a.  One version of the brief or affidavit which contains Confidential Material shall be filed with the Court under seal in an envelope marked "DOCUMENT UNDER SEAL." In accordance with the Court's electronic filing procedures, if applicable, the filing party shall also provide the Court with an electronic copy of the document on a disk or a CD-ROM at the time of filing.

      b.  A public version of the brief or affidavit containing Confidential Material with said Confidential Material having been redacted shall be filed with the Clerk with a notation made on the cover sheet and the first page of the brief or affidavit that certain pages of the brief or affidavit are filed under seal, subject to this Confidentiality Order, and have been deleted from the public version of the document.

    c.  The portion of any deposition that contains Confidential Material either in testimony or exhibits shall be filed with the Court under seal, bearing substantially the following designation: "THIS PORTION OF THE DEPOSITION OF _____, TAKEN ON _____, IS SUBJECT TO THE CONFIDENTIALITY ORDER IN <u>ELLENBOGEN V. CANADA</u>, NO. 1:05CV01553.

7.    Upon settlement, final judgment or termination of any appeal, all originals and copies, summaries or other reproductions of Confidential Material, including all prints, summaries, and other reproductions of such Material in the possession of other parties, their counsel, or any person provided access to the documents under Paragraph 3 above, shall be gathered together by said counsel and returned to counsel for Plaintiff and Defendants, along with a certification that all such originals, copies, summaries and other reproductions have been gathered and returned.

8.    Upon settlement, final judgment or termination of any appeal, all originals and copies, summaries or other reproductions of Confidential Material admitted into evidence in this Action or marked as exhibits to any deposition shall be withdrawn from evidence or the depositions, and shall be returned to counsel for the designating party or destroyed by the Clerk.

9.    This Stipulated Confidentiality Order may be amended by written agreement of all parties to this action affected by this Stipulated Confidentiality Order if approved by the Court after notice to all parties to this action, or by order of the Court upon motion of any party for good cause shown

10.    This Stipulated Confidentiality Order shall apply retroactively to any material produced or filed in this action.

11.    This Stipulated Confidentiality Order shall be deemed effective as among the parties upon its execution by the undersigned counsel.  Upon Court approval, it shall be deemed an effective Protective Order for all purposes of the Court Rules governing this action.

12.    This Stipulated Confidentiality Order does not restrict or limit the use of Confidential Material at any hearing or trial.  Nothing in this Order, however, shall prevent any party from seeking an appropriate protective order to govern such use of Confidential Material at a hearing or trial.

13.    This Confidentiality Order shall survive the termination of this Action and shall continue in full force and effect.


IT IS SO ORDERED THIS ___11th___ day of _December_ 2006.

_____
United States District Judge

SO AGREED:

PLAINTIFF MANUEL M. ELLENBOGEN

By: _____
     Manuel M. Ellenbogen
     546 White Oak Road
     Blue Bell, PA 19422

     *Pro se* Plaintiff

DEFENDANT CANADA

By: _____
Robert G. Ames
Lesley A. Pate
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Counsel for Defendant