## Pate, Lesley A.

| | |
|---|---|
| **From:** | manuel's e-mail [ellenbmp@comcast.net] |
| **Sent:** | Tuesday, January 23, 2007 6:26 PM |
| **To:** | Ames, Robert G. |
| **Cc:** | Pate, Lesley A. |
| **Subject:** | FW:. Mr. Ames we have to have a talk... |

**Importance:**     High


Dear Mr. Ames,

Do you people believe in fairytales? Only this morning I talked with Lesley about this incident (lack of response) and here out of the blue (junk mail???) comes out this reply.

Next would I get one from Helen Getka??? Did my message to her go into the junk mail. Whoever Lesley is talking at the Embassy is responsible for all this... Please look into the US Priority mail package addressed to you just the other day, my e-mail to David W applying for a position that I did not get went without any problems. What do you think happened this time? You may wish to ask Jill Morell about it.

I strongly request that the two of us have a talk. I know you guys want to win and I understand this however at what price do you want to win. I can't believe all that is taking place under your (protective) umbrella. I can't believe that people like you are being taken to the well of injustice, drinking from it and believing it.

What we have here is not a "failure to communicate" it could very well be a case of tampering with potential witnesses. You are the lawyers and you should know it better that I do.

Regards,

Manuel


-----Original Message-----
From: David.Weiner@international.gc.ca [mailto:David.Weiner@international.gc.ca]
Sent: Tuesday, January 23, 2007 5:10 PM
To: ellenbmp@comcast.net
Subject: RE: Hello on a new year.

Hello Manuel,

For some reason your e-mail was automatically sent to my junk mail file, and I only noticed now when I went to clean it out.  My invitation was just one to say hello, out of sincere friendship.  I did not have anything particular in mind and was not just trying to be polite.  If you are in town one day and want to stop in to say hello, please feel free to do so.

Regards,
Dave

-----Original Message-----
From: manuel's e-mail [mailto:ellenbmp@comcast.net]
Sent: 17-Jan-07 16:29
To: Weiner, David -PHILA -TD
Subject: Hello on a new year.

Hi David,

Re our incidental encounter at the train station. Suggesting that I pay a visit, did you have anything particular in mind or it was just a polite way to end an unexpected encounter on a dark, chilly and  rainy evening?

Regards,

Manuel

## Pate, Lesley A.

| | |
|---|---|
| **From:** | Pate, Lesley A. |
| **Sent:** | Tuesday, January 23, 2007 6:36 PM |
| **To:** | 'manuel's e-mail'; Ames, Robert G. |
| **Subject:** | RE: . Mr. Ames we have to have a talk... |

Manuel,

I take great offense to your suggestion that we are tampering with witnesses.  Although
your e-mail below does not require a response, I feel compelled when you attack my
integrity to respond.  I have not spoken to anyone at all, much less anyone at the
Embassy, about our conversation this morning.  If you continue in this vain, we will seek
appropriate sanctions from the Court.

Lesley

Lesley A. Pate, Esq.
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004-1601
(202) 344-8033
(202) 344-8300 (fax)
lapate@venable.com
http:// www.venable.com

This electronic mail transmission contains information from the law firm of Venable LLP
which may be privileged or confidential. The information contained herein is for the
exclusive use of the addressee named above. If you are not the intended recipient, be
aware that any disclosure, copying, distribution or use of this information is prohibited.
If you have received this electronic mail transmission in error, please notify us by
telephone (202-344-4000) or by electronic mail.

-----Original Message-----
From: manuel's e-mail [mailto:ellenbmp@comcast.net]
Sent: Tuesday, January 23, 2007 6:26 PM
To: Ames, Robert G.
Cc: Pate, Lesley A.
Subject: FW:. Mr. Ames we have to have a talk...
Importance: High


Dear Mr. Ames,

Do you people believe in fairytales? Only this morning I talked with Lesley about this
incident (lack of response) and here out of the blue (junk
mail???) comes out this reply.

Next would I get one from Helen Getka??? Did my message to her go into the junk mail.
Whoever Lesley is talking at the Embassy is responsible for all this... Please look into
the US Priority mail package addressed to you just the other day, my e-mail to David W
applying for a position that I did not get went without any problems. What do you think
happened this time? You may wish to ask Jill Morell about it.

I strongly request that the two of us have a talk. I know you guys want to win and I
understand this however at what price do you want to win. I can't believe all that is
taking place under your (protective) umbrella. I can't believe that people like you are
being taken to the well of injustice, drinking from it and believing it.

What we have here is not a "failure to communicate" it could very well be a case of
tampering with potential witnesses. You are the lawyers and you should know it better that
I do.

Regards,

Manuel

-----Original Message-----
From: David.Weiner@international.gc.ca [mailto:David.Weiner@international.gc.ca]
Sent: Tuesday, January 23, 2007 5:10 PM
To: ellenbmp@comcast.net
Subject: RE: Hello on a new year.

Hello Manuel,

For some reason your e-mail was automatically sent to my junk mail file, and I only
noticed now when I went to clean it out.  My invitation was just one to say hello, out of
sincere friendship.  I did not have anything particular in mind and was not just trying to
be polite.  If you are in town one day and want to stop in to say hello, please feel free
to do so.

Regards,
Dave

-----Original Message-----
From: manuel's e-mail [mailto:ellenbmp@comcast.net]
Sent: 17-Jan-07 16:29
To: Weiner, David -PHILA -TD
Subject: Hello on a new year.

Hi David,

Re our incidental encounter at the train station. Suggesting that I pay a visit, did you
have anything particular in mind or it was just a polite way to end an unexpected
encounter on a dark, chilly and  rainy evening?

Regards,

Manuel

## Pate, Lesley A.

| | |
|---|---|
| **From:** | manuel's e-mail [ellenbmp@comcast.net] |
| **Sent:** | Tuesday, January 23, 2007 8:00 PM |
| **To:** | Pate, Lesley A. |
| **Subject:** | RE: . Mr. Ames we have to have a talk... |

Lesley,

Are you saying it is/was a coincidence??? Even if you would have talked to anyone at the Embassy I would not have thought you doing with ill intent.  I told you many times, it is not my intent to offend you and...

I also told you that the only thing we have to fear its fear itself.

Respectfully yours,

Manuel

-----Original Message-----
From: Pate, Lesley A. [mailto:LAPate@Venable.com]
Sent: Tuesday, January 23, 2007 6:36 PM
To: manuel's e-mail; Ames, Robert G.
Subject: RE: . Mr. Ames we have to have a talk...

Manuel,

I take great offense to your suggestion that we are tampering with witnesses.  Although your e-mail below does not require a response, I feel compelled when you attack my integrity to respond.  I have not spoken to anyone at all, much less anyone at the Embassy, about our conversation this morning.  If you continue in this vain, we will seek appropriate sanctions from the Court.

Lesley

Lesley A. Pate, Esq.
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004-1601
(202) 344-8033
(202) 344-8300 (fax)
lapate@venable.com
http:// www.venable.com

This electronic mail transmission contains information from the law firm of Venable LLP which may be privileged or confidential. The information contained herein is for the exclusive use of the addressee named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this information is prohibited. If you have received this electronic mail transmission in error, please notify us by telephone (202-344-4000) or by electronic mail.

-----Original Message-----
From: manuel's e-mail [mailto:ellenbmp@comcast.net]
Sent: Tuesday, January 23, 2007 6:26 PM
To: Ames, Robert G.
Cc: Pate, Lesley A.
Subject: FW:. Mr. Ames we have to have a talk...
Importance: High

Dear Mr. Ames,

Do you people believe in fairytales? Only this morning I talked with Lesley about this

1

incident (lack of response) and here out of the blue (junk mail???) comes out this reply.

Next would I get one from Helen Getka??? Did my message to her go into the junk mail. Whoever Lesley is talking at the Embassy is responsible for all this... Please look into the US Priority mail package addressed to you just the other day, my e-mail to David W applying for a position that I did not get went without any problems. What do you think happened this time? You may wish to ask Jill Morell about it.

I strongly request that the two of us have a talk. I know you guys want to win and I understand this however at what price do you want to win. I can't believe all that is taking place under your (protective) umbrella. I can't believe that people like you are being taken to the well of injustice, drinking from it and believing it.

What we have here is not a "failure to communicate" it could very well be a case of tampering with potential witnesses. You are the lawyers and you should know it better that I do.

Regards,

Manuel


-----Original Message-----
From: David.Weiner@international.gc.ca [mailto:David.Weiner@international.gc.ca]
Sent: Tuesday, January 23, 2007 5:10 PM
To: ellenbmp@comcast.net
Subject: RE: Hello on a new year.

Hello Manuel,

For some reason your e-mail was automatically sent to my junk mail file, and I only noticed now when I went to clean it out.  My invitation was just one to say hello, out of sincere friendship.  I did not have anything particular in mind and was not just trying to be polite.  If you are in town one day and want to stop in to say hello, please feel free to do so.

Regards,
Dave

-----Original Message-----
From: manuel's e-mail [mailto:ellenbmp@comcast.net]
Sent: 17-Jan-07 16:29
To: Weiner, David -PHILA -TD
Subject: Hello on a new year.

Hi David,

Re our incidental encounter at the train station. Suggesting that I pay a visit, did you have anything particular in mind or it was just a polite way to end an unexpected encounter on a dark, chilly and  rainy evening?

Regards,

Manuel
*****************************************************************************
*****
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used, and cannot be used,
for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or recommending
to another party any tax-related matter addressed herein. We provide this disclosure on
all outbound e-mails to assure compliance with new standards of professional practice,
pursuant to which certain tax advice must satisfy requirements as to form and substance.
*****************************************************************************
******
*****************************************************************************

*******
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
****************************************************************************
*******

Manuel M. Ellenbogen
546 White Oak Road
Blue Bell, PA 19422-1547
January 7, 2007

Mr. Robert Ames
Ms. Lesley Pate
Venable LLP
575 7th Street N. W.
Washington DC 20004-1601

      Re. Ellenbogen v Canadian Embassy/Canada
      105CV01663 (JDB)

      "It is not even the beginning of the end but perhaps, the end of the
      beginning…" Winston Churchill

Dear Mr. Ames
Dear Ms. Pate

Thank you for your December 15, 2006 letter with which you enclose a
number of documents.

It is my opinion that your continuing to object and reject questions and
documents requests is not conducive to a "Discovery" of the truth, of what
did indeed took place and eventually makes amends.

I strongly believe that the possible need to have the Judge look into your
constant squirting the issues may have to be addressed sooner rather than
later. I compare your actions to a seriously wounded who before taking its
last gasp attempts to inflict some additional damage to the other side. You
are on a loosing streak and loose you will!

The "Defendant" acted illegally and contrary to the American laws!

For the benefit of our rather short period of legal encounters I would like to
list for your own benefit some of the results:

1. My claim to the EEOC was ignored by the Embassy to the point where the EEOC gave up on their attempt to mediate and gave me the Plaintiff the right to sue.

You opposed us on the grounds that I did not prove that as an Embassy employee I was employed in a Commercial capacity. YOU LOST!

You opposed us on the Diplomatic immunity grounds. YOU LOST!

You opposed us on the grounds that we did not make "proper service" and against all odds, we succeeded. It was a very difficult effort; Canada has a very complex way of handling the service process. Your opposition based on the time that it took to deliver proper service was rejected. Once again YOU LOST!

You twice suggested Mediation. Once I rejected it and once more recently I accepted it. There is a limit to my acceptance and patience. It is up to you, if you want an all out fight LET'S HAVE IT! If you want to attempt the mediation way lets do it, and do it in the shortest time possible. From my part I am open to join the mediation process request by no later than March 31, 2007. What I am saying is that you can't have it both ways.

Returning to the documents that you mailed us, please take a look at the attached exchanged of e-mails between Gloria Cossette and Lynda Watson. On what you can ask question I believe that a part of the document is missing. What was Lynda's question to which Gloria replied "I agree we can only ask for the graduation dates."?

I trust that you will take my comments, questions and request for additional information with the good intentions as they were sent. For a minute or more place yourselves at a Judge level.

Sincerely,

Manuel M. Ellenbogen

## Cossette, Gloria -WSHDC -AP

| From: | Cossette, Gloria -WSHDC -AP |
| --- | --- |
| Sent: | August 5, 2003 9:40 AM |
| To: | Watson, Lynda -WSHDC -TD |
| Cc: | Archambault, Robert P. -WSHDC -AG |
| Subject: | RE: Education and Experience Level of Interviewees |

1. I agree, we can only ask for the graduation dates.
2. I have asked Lisa Boulianne to escort the candidates to the private room and then to the interview room. We will wait for your call to take Cynthia to the room.

Gloria

-----Original Message-----
| From: | Watson, Lynda -WSHDC -TD |
| --- | --- |
| Sent: | August 5, 2003 9:04 AM |
| To: | Cossette, Gloria -WSHDC -AP |
| Cc: | Archambault, Robert P. -WSHDC -AG |
| Subject: | RE: Education and Experience Level of Interviewees |

No, I don't think so. I think for the two where no graduation dates are provided, we can merely ask them the year of graduation. That should be enough. Do you agree?

On another point, can you postpone taking Cunthia to the private room to study the questions until you speak to me? I am worried that Paul Bailey may be late and the interview does not start on time (therefore she would have more than 30 minutes to review). I want to wait until Paul arrives in the office. Okay?

-----Original Message-----
| From: | Cossette, Gloria -WSHDC -AP |
| --- | --- |
| Sent: | August 5, 2003 8:54 AM |
| To: | Watson, Lynda -WSHDC -TD |
| Subject: | RE: Education and Experience Level of Interviewees |

Lynda: Do you still want us to search the personal files for copies of resumes and degrees or will the bios you sent below be sufficient? GC

-----Original Message-----
| From: | Watson, Lynda -WSHDC -TD |
| --- | --- |
| Sent: | August 4, 2003 4:33 PM |
| To: | Cossette, Gloria -WSHDC -AP; Bailey, Paul -WSHDC -EC; Lalani, Arif -WSHDC -GR |
| Cc: | Archambault, Robert P. -WSHDC -AG |
| Subject: | Education and Experience Level of Interviewees |

Attached is draft text of Bios provided for the Virtual Trade Commissioner website program:

Ellenbogen: << File: ELLENBOGEN VTC BIO -- WSHDC.wpd >>

Stevenson: << File: STEVENSON VTC BIO.wpd >>

Malloy: << File: MALLOY VTC BIO.wpd >>



575 7th Street, NW
Washington, DC 20004-1601

Telephone 202-344-4000
Facsimile 202-344-8300

www.venable.com

(202) 344-8033          lapate @ venable.com

January 12, 2007

**VIA ELECTRONIC DELIVERY AND U.S. MAIL**

Manuel M. Ellenbogen
546 White Oak Road
Blue Bell, PA 19422

> Re:  Manuel M. Ellenbogen v. Canada
>      No. 1:05CV01553 (JDB)

Dear Manuel:

I am writing in regard to your letter dated January 7, 2007, which I received today. As an initial matter, Canada has fully complied with its discovery obligations under the Federal Rules of Civil Procedure, which apply in this case. Moreover, your letter is harassing, unprofessional, and well beyond the parameters of the discovery process. Should you continue with this entirely inappropriate behavior, Canada will submit your correspondence to the Court and seek appropriate sanctions against you.

Regards,

Lesley A. Pate

Counsel for Canada

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MANUEL M. ELLENBOGEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:05CV01553 (JDB) |
| | ) |
| CANADA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S FIRST SET OF INTERROGATORIES**
**TO PLAINTIFF MANUEL M. ELLENBOGEN**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Canada

("Canada" or "Defendant"), by its undersigned counsel, requests that Plaintiff Manuel M.

Ellenbogen ("Ellenbogen" or "Plaintiff") respond to each of the following Interrogatories

within thirty (30) days after service.

## I.    DEFINITIONS

1.    "Canada" or "Defendant" means its employees, principals and other

representatives, and its affiliates, predecessors, successors or assigns, collectively and

singularly.

2.    Unless expressly limited in a particular interrogatory, the terms "you",

"Plaintiff" or "Ellenbogen" means Plaintiff Manuel M. Ellenbogen and his agents and

attorneys.

3.    "Document" means any writing, record or data in any form or medium

including, by non-limiting example, paper, film, tape, disk, wire or memory banks or

circuits), and any physical object or thing, whether or not privileged, which is in

Plaintiff's actual or constructive possession, custody or control.  "Document" also

includes the original of any document in whatever form or medium it may exist, and all

copies of each such document bearing, on any sheet or side thereof, any marks (including

initials, stamped indicia, or any comment or notation of any character) not a part of the

original text, or any reproduction thereof.

    4.      The term "person" includes both natural persons and those entities

recognized by law as persons, such as corporations and partnerships.

    5.      "Relating to" means to make a statement about, refer to, discuss, describe,

reflect, identify, deal with, consist of, explain, comprise, or in any way pertain in whole

or in part, directly or indirectly to the subject identified.

    6.      "Identify":

        a.      when used with respect to a person or entity, means:

                (1)      state his or her full name; and

                (2)      state his or her last known residence and business addresses

and telephone numbers and last known employer, or if an entity, its last known business

address.

        b.      when used with respect to communication, means:

                (1)      identify each person participating in or present during the

communication;

                (2) state the type and manner of the communication;

                (3) state the date and location of the communication;

                (4) describe the substance of the communication;

                (5) state whether the conversation was recorded; and

                (6) identify each person with knowledge of the communication.

        c.     When used with respect to a document or other tangible thing,

means:

        (1)    describe the type of document or tangible thing (e.g.,

memorandum, letter, videotape, audiotape);

        (2)    identify any titles or labels on the document or tangible

thing;

        (3)    state the date of the document or tangible thing;

        (4)    state the author or creator of the document or tangible

thing;

        (5)    state the recipients of the document or tangible thing; and

        (6)    state where the document or tangible thing is normally or

presently maintained.

      In lieu of identifying a document or tangible thing, the document or tangible thing

may be referred to and produced.

## II.    **INSTRUCTIONS**

      1.     With respect to these Interrogatories:

        a.     the use of the singular form of any word includes the plural and

             vice versa;

        b.     the words "and" and "or" are conjunctive and disjunctive; and

        c.     "each" shall include the terms "each and every"

      2.     Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, these

Interrogatories are continuing in nature. Plaintiff should supplement his answers to

reflect any additional information obtained or discovered at any time prior to trial.

3.       If Plaintiff claims that a communication or document is protected from production by the attorney-client privilege, the work product doctrine, or any other privilege or protection, Plaintiff should supply at the time of answering these Interrogatories a schedule that specifically identifies each such document or communication by date, author(s), the person(s) to whom the document or communication was directed, the nature of the document or communication (e.g., letter, memorandum or tape recording), subject matter, title and number of pages, and the basis for withholding the document or communication.

4.       If any Interrogatory herein or part thereof is objected to, the reason(s) for such objection shall be stated.

5.       Canada reserves the right to serve supplemental or additional Interrogatories.

## III.    **INTERROGATORIES**

1.       Identify each person who you believe or know has knowledge of any event or fact alleged in the Complaint or who you anticipate calling as a witness at trial, and, as to each person, provide a summary of the knowledge or information you believe such person possesses and such person's anticipated trial testimony. In connection with your response to this Interrogatory, you should provide the requested information for each person (1) who participated in any events or facts described in the Complaint; (2) who witnessed or has knowledge (of any form and from any source) of any such events or facts; (3) who communicated with you concerning any such events or facts; (4) who will provide any testimony or evidence in support of your claims at the hearing in this action; or (5) whose testimony or statements you intend to rely upon in support of your claims.

2.    Identify the amount and basis for determining the amount of all damages that you seek in this lawsuit, such as those damages identified in Paragraphs 27 and 29 of the Complaint, including, but not limited to, the identity of each person who has knowledge of or will support your claim for such damages, each document or other item of evidence that supports your claim for such damages, and the precise basis for calculating each aspect of the amount of such damages

3.    Please state all amounts of money that you have received from any source since August 27, 2003. Your answer should specify the source, the amount, and the date(s) of payment.

4.    If you contend that any admissions against interest have been made by Canada concerning the allegations set forth in the Complaint, please identify each such admission in as close to verbatim form as possible. Your response shall include, but not be limited to the following information: (1) the person who made the admission; (2) the date, time and place of the admission; and (3) the identity of each person who witnessed or overheard the admission.

5.    Identify each health or medical care provider including, but not limited to medical doctors, psychologist, psychiatrists, social workers, and counselors, who have evaluated or provided treatment to you for any physical, mental, or emotional conditions or problems that you contend Canada caused, and for each such provider, identify: (1) the dates on which you consulted with or obtained treatment from such provider; (2) the symptoms or conditions for which you sought treatment; (3) the diagnosis and prognosis of the provider; (4) the treatment prescribed by and received from the provider; (5) all reimbursed and unreimbursed fees that you incurred in connection with such treatment or

services; and (6) every document in your possession, custody or control relating to such provider or the treatment or services that you received from such provider.

6.     Identify each person from who you have obtained or are obtaining a written statement, declaration, or affidavit regarding any allegations set forth in your Complaint or the events at issue in this lawsuit and produce a copy of the statement.

7.     Describe each communication between you and Canada concerning the events and facts alleged in the Complaint or on which you intend to rely in support of your claims.

8.     Referring to Paragraphs 12, 19, and 20 of the Complaint, please identify with specificity: (1) which job responsibilities you were allegedly "unjustifiably stripped of" and the date that each job responsibility was allegedly taken away from you; and (2) the names of the Business Development Officers who were allegedly assigned your job responsibilities, which job responsibilities of yours that they were allegedly assigned, and the basis for your allegation that they had "significantly less work experience and qualifications."

9.     Describe all communications with Canada regarding your job duties as a Business Development Officer or the alleged diminution thereof, including but not limited to the communications reference in Paragraphs 13, 16, 17, 19, and 20 of your Complaint, and for each such communication, describe in detail: (1) the exact date, time and location of the communication; (2) each person who witnessed, overheard or participated in the communication; (3) each person who has knowledge of the communication and the knowledge possessed by such person; (4) what exactly you said and what exactly was said to you; and (5) each item of evidence that describes, relates to

or that Claimant will rely upon in any way in attempting to prove the nature, extent and substance of the communication.

10.      Referring to Paragraph 14 of the Complaint, please describe in detail how you were allegedly "assigned a minor role in BIO2003 as opposed to the major role" that you contend you "would normally have had" and how "other members of the Trade Development sector received more substantial roles," specifically identifying those individuals by name and explaining the role that you allege they were assigned in BIO2003.

11.      Please describe in detail the roles that Stephanne Charboneau and Julie Gagon played in BIO2003 and explain how each of their roles was more substantial than your role.

12.      Referring to Paragraph 22 of the Complaint, please identify: (1) the basis for and explain your allegations that "there was an on-going search for an Information Technology Officer" and that you "had duties which overlapped with this open position;" (2) the department or division in which this allegedly open position existed; and (3) who your alleged request to "be allowed to continue serving the Canadian government by taking on this position or that the open position be eliminated instead" was made to, the form of your request, the date of such request, each person who has knowledge of your request, the response to your request, and each item of evidence that describes, relates to or that you will rely upon in attempting to prove the nature, extent, and substance of your request.

13. Referring to Paragraph 23 of the Complaint, please explain in detail the basis for your allegation that Canada discriminated against you on the basis of your age when it terminated your employment.

14. Do you contend that the reverse order of merit process was unfair or pretextual? If so, please explain in detail how and why you contend that the reverse order of merit process was unfair or pretextual.

15. Referring to Paragraph 27 of the Complaint, please identify by name the "managerial employees" that you alleged acted in "a deliberate, cold, callous, and intentional manner in order to injure and damage Complainant," describe the acts allegedly taken by each of these managerial employees, and explain how those acts or the way in which those acts were carried out were "deliberate, cold, callous, and intentional" so as to warrant punitive damages.

16. Please identify and describe all attempts that you have made to seek employment with any employer other than Canada since August 27, 2003. Your answer should include, without limitation, the following information regarding each employer that you contacted in connection with such attempts: (1) the name and address of the employer; (2) the date on which you contacted the employer; (3) the individuals with whom you communicated; (4) whether you received an offer; and (5) if so (a) the terms of such offer, including the position offered and the salary and benefits offered; (b) whether you accepted the offer; and (c) the period during which you worked for such employer.

17. Identify each employer you have worked for other than Canada in the past ten (10) years, and, for each employer, identify: (1) address and telephone number of the

employer; (2) the period of employment; (3) all positions held; and (4) the names of all supervisors.

18.     Identify each address where you have ever resided, including: (1) the dates you resided at each such residence; (2) all persons who lived with you at each residence; (3) the current or last known addresses of all persons who lived with you at each residence and your relationship with these persons.

19.     Identify each time that you have been a witness, party or defendant in any civil, criminal, or administrative proceedings, including: (1) each time that you have been arrested, charged with, convicted of or pled guilty to a criminal offense; (2) any civil and other proceedings, lawsuits or charges filed by you or on your behalf; (3) any civil and other proceedings, lawsuits or charges filed against you; and (4) any lawsuits, criminal proceedings or other court or administrative proceedings in which you have been a witness.

20.     Identify any and all expert witnesses who you intend to have testify at trial and, for each such expert, provide the categories of information set forth in Rule 26(b)(4)(A) of the Federal Rules of Civil Procedure.

Respectfully submitted,

Robert G. Ames, D.C. Bar No. 234393
Lesley A. Pate, D.C. Bar No. 485139
Venable LLP
575 7th Street, N.W.,
Washington, D.C. 20004
(202) 344-40000
(202) 344-8300 (facsimile)

Counsel for Canada

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2006, I caused a copy

of the foregoing Defendant's First Request for Production of Documents to Plaintiff to be

served electronically and via first class mail, postage prepaid, on:

Manuel M. Ellenbogen
546 White Oak Road
Blue Bell, PA 19422

Lesley A. Rate

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MANUEL M. ELLENBOGEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05CV01553 (JDB) |
| | ) | |
| CANADA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S FIRST REQUEST FOR THE PRODUCTION OF**
**DOCUMENTS TO PLAINTIFF MANUEL M. ELLENBOGEN**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Canada

("Canada" or "Defendant"), by and through undersigned counsel, requests that Plaintiff

Manuel M. Ellenbogen ("Ellenbogen" or "Plaintiff") produce for inspection and copying

each document requested herein, with such production to take place at the office of

Defendant's counsel, Venable LLP, 575 7th Street, N.W., Washington, D.C. 20004

within thirty (30) days of this request.

**I.   DEFINITIONS**

1.   "Canada" or "Defendant" means the government of Canada, its agents,

employees, officers, directors, principals and other representatives, and its predecessors,

successors, affiliates, subsidiaries, parent companies and assigns, collectively and singly,

and their agents, employees, officers, directors, principals and other representatives.

2.   Unless expressly limited in a particular request, "Ellenbogen" or

"Plaintiff" or "you" or "your" refers to Plaintiff Manuel M. Ellenbogen and his agents.

3.   "Document" means any writing, record, or data in any form or medium

(including, by non-limiting example, paper, film, tape, disk, wire, or memory banks or

circuits), whether or not privileged, which is in Plaintiff's actual or constructive possession, custody or control. "Document" also includes the original of any document in whatever form or medium it may exist, and all copies of each such document bearing, on any sheet or side thereof, any marks (including initials, stamped indicia, or any comment or notation of any character) not a part of the original text, or any reproduction thereof.

4.      The term "communication" means any manner or form of information, memorandum, notes or message transmission, however produced or reproduced, whether by "document" as defined herein or orally or otherwise, which is made by you or others or which is distributed or circulated among persons, or data storage or processing units, including computer data storage and processing units, and any and all documents containing, consisting of, or relating or referring, in any way, either directly or indirectly to, a communication.

5.      The term "person" includes both natural persons and those entities recognized by law as persons, such as corporations and partnerships.

6.      "Relating to" means to make a statement about, refer to, discuss, describe, reflect, identify, deal with, consist of, explain, comprise, or in any way pertain in whole or in part, directly or indirectly, to the subject identified.

7.      Use of the singular form of any word includes the plural and vice versa.

8.      The term "each" shall include the terms "each and every."

9.      The terms "and" and "or" shall be construed both conjunctively and disjunctively, as necessary to make the request inclusive rather than exclusive.

2

## II.    INSTRUCTIONS

1.    Each request for documents seeks production of each document in its entirety, without abbreviation or redaction with all non-identical copies and drafts thereof, including any document appended to, included therewith, incorporated by or referred to in the document and all file folders in which any such document is contained. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, responsive documents shall be produced as they are kept in the usual course of business or Plaintiff shall organize and label responsive documents to correspond with the categories in these Requests.

2.    These Requests are continuing in nature. Plaintiff should produce any additional responsive documents that are obtained or discovered at any time prior to trial.

3.    If Plaintiff claims that any document responsive to these Requests is protected from production by the attorney-client privilege, the work product doctrine or any other privilege or protection, Plaintiff should supply at the time of his response a schedule that specifically identifies each such document by date, author(s), the person(s) to whom the document was directed, the nature of the document (e.g., letter, memorandum or tape recording), subject matter, title, and number of pages, the basis for withholding the document, and any other information required by Rule 34 as necessary to enable Canada to determine the applicability of the privilege or protection.

4.    If any Request herein or part thereof is objected to, the reason(s) for such objection shall be stated with specificity as required under Rule 34.

5.    Canada reserves the right to serve supplemental or additional Requests for the Production of Documents as necessary.

3

## III.  DOCUMENT REQUESTS

1.      Each document relating to Plaintiff's employment with Canada, including without limitation each document: (a) relating to any communication between Plaintiff and Canada; (b) that Plaintiff received from Canada or removed from Canada's premises; (c) relating to Plaintiff's job duties or performance while employed by Canada; (d) relating to any grievance or complaint made by Plaintiff during his employment relationship with Canada; (e) relating to any transfer or request for transfer to or from any department or division operated by Canada; or (f) relating to Plaintiff's termination.

2.      Each document relating to any fact or event alleged in the Complaint, including without limitation each document that constitutes, evidences or relates in any way to any alleged discrimination, each document on which Plaintiff intends to rely as evidence of such alleged discrimination, and each document that describes any evidence that Plaintiff intends to rely upon as evidence of such alleged discrimination.

3.      Each document prepared by or on behalf of Plaintiff that evidences, records or describes any event or fact alleged in his Complaint or relating to his employment with Canada, including without limitation any diaries, logs, video or audio tapes, journals, handwritten notes, planners, calendars, or schedules of Plaintiff.

4.      Each document relating to any claim, complaint or grievance made by Plaintiff to any person concerning his employment with Canada.

5.      Each document that constitutes, evidences, or relates in any way to any alleged discrimination against Plaintiff by Canada, including without limitation each document on which Plaintiff intends to rely or that describes any evidence on which Plaintiff intends to rely as evidence of any such alleged discrimination.

4

6.     Referring to Paragraphs 12 and 20 of the Complaint, each document that constitutes, evidences, or relates in any way to Plaintiff's contention that he was "unjustifiably stripped of his job responsibilities and these responsibilities were reassigned to substantially younger Business Development Officers with significantly less work experience and qualifications."

7.     Each document that evidences or relates to any communication between Plaintiff and Canada or its agents, employees, or representatives, including but not limited to Mr. Reissner or Ms. Watson, regarding his job duties, BOI2003, the FDA export training mission, or the termination of his employment.

8.     Each document that constitutes, evidences, or relates in any way to Plaintiff's contention that the reverse order of merit process was unfair or pretextual.

9.     Referring to Paragraph 14 of the Complaint, produce the May 20, 2003 memo allegedly issued by Mr. Reissner.

10.     Referring to Paragraph 15 of the Complaint, produce the May 30, 2003 memo that Plaintiff allegedly wrote to Ms. Watson.

11.     Each document that constitutes, evidences or relates in any way to any alleged discrimination or retaliation against, or harassment of, any employee or former employee of Canada other than Plaintiff, including without limitation each document on which Plaintiff intends to rely or that describes any evidence on which Plaintiff intends to rely as evidence of any such alleged discrimination, retaliation or harassment.

12.     Each document that evidences or relates in any way to any communication between Plaintiff and any current or former employee of Canada regarding this lawsuit or any event or fact alleged in Plaintiff's Complaint or that evidences or relates to any

statement, declaration or affidavit made or provided by any current or former employee of Canada regarding this lawsuit or any event or fact alleged in Plaintiff's Complaint.

13.    Each document that evidences or relates to any communication between Plaintiff and any person concerning: (1) Plaintiff's employment with Canada; (2) any alleged discrimination against Plaintiff; (3) any event or fact alleged in Plaintiff's Complaint; (4) allegations by other Canada employees or former employees of discrimination, harassment, or retaliation; (5) the litigation between Plaintiff and Canada; and (6) Plaintiff's search for employment.

14.    Each document that evidences or relates in any way to any damages that Plaintiff seeks from Canada, including without limitation each document reflecting or relating to any compensation or benefits allegedly lost by Plaintiff, any expenses or fees allegedly incurred by Plaintiff, any emotional or psychological damages allegedly suffered by Plaintiff, or any medical, psychological or psychiatric evaluation or treatment that Plaintiff has received for any injuries that Canada allegedly caused.

15.    Each document relating to any treatment, counseling or evaluation that Plaintiff has received for any psychological, emotional or mental condition or illness during the past ten (10) years, including without limitation all medical records concerning such treatment.

16.    Each document, including without limitation letters, employment applications, resumes, letters of recommendation, Internet searches or postings, e-mail communications, job postings, advertisements, and communications with recruiters, that relates to any attempt by Plaintiff or on behalf of Plaintiff to seek employment with any employer other than Canada during the period from August 27, 2003 through the present.

6

17.     Each document that reflects or evidences Plaintiff's earnings or income from any source since August 27, 2003, including without limitation Plaintiff's federal and state income tax returns (along with all schedules and W-2 forms) for the years 2003 through the present.

18.     Each document that relates in any way to any claim or receipt of workers' compensation, or unemployment, social security or disability benefits by or on behalf of Plaintiff from August 27, 2003 through the present.

19.     Each document that evidences or relates to any charge of discrimination, harassment or retaliation filed with any federal, state or local agency (e.g., the Equal Employment Opportunity Commission, the District of Columbia Office of Human Rights, etc.) or any other document Plaintiff filed with, showed to, submitted to or received from any federal, state or local agency regarding Plaintiff's employment with Canada or the allegations of Plaintiff's Complaint.

20.     Each affidavit, declaration or statement you have reviewed or executed concerning your employment with Canada or the allegations of this lawsuit.

21.     Each document that you have submitted to any government agency or entity relating to Canada.

22.     Each document evidencing any charge, claim, lawsuit or grievance filed by or on behalf of Plaintiff at any time against or concerning any employer other than Canada.

23.     Each document identified in, reflecting information contained in, forming the basis for, substantiating or relating in any way to Plaintiff's Answers to Defendant's First Set of Interrogatories to Plaintiff, served simultaneous herewith.

7

24.    Each document that relates to any investigatory or investigative service

that Plaintiff has employed or retained in connection with this litigation or to obtain

information concerning Canada, any present or former employee of Canada, or the

allegations of Plaintiff's Complaint.

25.    Each document that you intend to offer as an exhibit at the trial or hearing

in this matter.

Respectfully submitted,

Robert G. Ames, D.C. Bar No. 234393
Lesley A. Pate, D.C. Bar No. 485139
Venable LLP
575 7th Street, N.W.,
Washington, D.C. 20004
(202) 344-40000
(202) 344-8300 (facsimile)

Counsel for Canada

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2006, I caused a copy

of the foregoing Defendant's First Request for Production of Documents to Plaintiff to be

served electronically and via first class mail, postage prepaid, on:

Manuel M. Ellenbogen
546 White Oak Road
Blue Bell, PA 19422

Lesley A. Pate

Manuel M. Ellenbogen
546 White Oak Road
Blue Bell, PA 19422-1547
December 13, 2006

Mr. Robert Ames
Ms. Lesley Pate
Venable LLP
575 7th Street N. W.
Washington DC 20004-1601

      Re. Ellenbogen v Canadian Embassy/Canada
      105CV01663 (JDB)

Dear Mr. Ames
Dear Ms. Pate

Enclosed please find Manuel M. Ellenbogen's Response & Objections to
Defendant's First Set of Interrogatories.

Please allow me to say that I find quite out of character and discouraging the
fact that an Embassy, a Country establishes its first line of defense on the
sworn testimonial of the perpetrator in this case, Lynda Watson. This issue
was raised long before the Plaintiff's dismissal and I find it very unfortunate
that even with Counsel Assistance this situation continues in the same vein.

Sincerely yours,

Manuel M. Ellenbogen

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Manuel M. Ellenbogen,

     Plaintiff,               Civil Action No. 1:05CV01553 (JDB)

     v.

The Canadian Embassy/Canada,

     Defendant

Plaintiff's Response & Objections to Defendant's First Set Of
Interrogatories

The answers below are to the best of Plaintiff's knowledge.  Plaintiff

reserves the right to supplement and amend all answers given below.

1 Potential Witnesses:

Terri Colli, Leslie Reissner, Margery Landeryou, Cynthia Stevenson,

Richard Malloy, David Weiner, Ginette Baker, Paul Koring, Beth Gorham,

Helen Getka, Paul Bailey, Lynda Watson, Gloria Cossette, Joseph Danese,

1

Marie Tomasso, Elizabeth Higgs, Sandra Shaddick, Connie Connors, Mary Harrison, Audrey Tomick, Janissa Wagner

2. Damages claimed are detailed in the document filed with the Court with copies received by the Defense Counsel. Additional copy attached.

3. Exceeds scope.

4. Exceeds scope.

5. The stress situation that started when I became aware of my pending job demise continued until today. The stress manifested itself by lost sleep waking up with nightmares, and heavy perspiration during sleepless nights, not completely awake during day time, easier irritation, possible increased cholesterol levels, increased blood sugar levels, higher arterial tension, loss of appetite and many other symptoms. Some affected individuals would consider consulting a chiropractor, a GP, a neurologist, a metabolic specialist, a cardiologist and even a psychiatrist. I elected to continue to visit with my regular attending physicians and treat any existing conditions regardless of what triggered them. I elected to fight my stress "demons" on

2

my own. I have the strong belief that maintaining a strong chemical balance, a positive attitude in the face of adversity could provide the best solution to the problem.

6. Michel Pascal, Mary Harrison, Cynthia Stevenson and possibly others.

7. Verbal requests to LR and LW regarding LR lack of developing a working relationship with the Plaintiff from the beginning of LR's tenure until the Plaintiff's dismissal,

I e-mailed a memo to LW and LR regarding a continuation of the unilateral lack of business interface between LR and the Plaintiff. The subsequent meeting with LW and LR. Meetings and e-mails to among others RA and I believe Terri Colli regarding the ROM and the lack of work cooperation from LR. ROM oral examination during which as an opening statement I stated the following: I am participating in this examination under duress, I did not want to give in to refuse to participate and be dismissed for failure to participate. I also stated that I believe that I am the target of this Monkey Trial because I am the oldest and possibly receiving the highest pay. I also stated that this is an arbitrary way of evaluating between us. Please keep in mind that we were colleagues for a long time, friendly to some degree, each

3

knowing of each other's life problems. It was totally unfair and degrading to mandate colleagues to compete (read fight) among each other to survive and keep a job. This action was a reminder of the slave Gladiators put in the situation to fight and kill each other, and in doing so entertain the blood thirsty masses.

I also stated that I am aware of Gloria Cossette's statement that RA constantly altered job competitions in the Embassy based on whatever preferences he had.

I also objected to Lynda's request to quote the years of my College/University graduation as being a way to disclose my age. It was unnecessary and totally uncalled for. It was a clear way to display her age discrimination factor.

During the same oral examination I was asked if I could take over some of my competitor's jobs if one other than me is dismissed. This is a smoke screen question, why would the Defendant after removing important job objectives from the Plaintiff would contemplate following the ROM to offer other jobs.

8. In the Building Materials sector Plaintiff saw the sector being transferred to Sandra Shaddick. Prior to this transfer Plaintiff saw the discontinuation of

4

the 1,000 or so Manufacturers' Representatives computerized list. Plaintiff also saw the no longer continuation of his efforts (with the assistance of Paul D'Armiento outside Consultant) to produce a list of major construction projects to be let go, where Canadian manufacturer/exporters could find an outlet for their products.

The Plaintiff in collaboration with the Association of Manufacturers' Representatives (US Association with Canadian branches) organized seminars in Canada to assist Canadian Exporter in learning about selecting and using commissioned Agents to promote their products. This activity was also taken away when the entire Sector was assigned to SS. No additional responsibilities were given to the Plaintiff in exchange for the responsibilities taken away.

Participation in the Embassy Day in Baltimore was taken away from Plaintiff and assigned to RM.

In one small instance but not to be ignored Lynda assigned an inquiry covering sail boats to Richard Malloy. Richard solicited my assistance as to

5

how to handle the inquiry. When I mentioned this to Lynda her reply was I didn't know.

After many years of developing having the assistance of the FDA personnel to teach Canadian Manufacturers of medical equipments as to how to comply with the FDA regulations and be capable to export to the U.S I was all of a sudden without any reason stopped from doing so. Restricted air travel tickets purchased for the trip were lost. The plaintiff was in the past frequently solicited to organize this type of seminars (a couple of times very successful in Quebec, Ontario, Nova Scotia, British Columbia, Manitoba and Alberta).

I was also denied the opportunity to recruit Canadian Exporters participants for a Medical Equipment Products Conference and Exhibit in Baltimore, MD and because of this denial there was no official Canadian participation as planned.

Not the least LR took over my Bio responsibilities leaving the Plaintiff from a "First Violin player" to a less than a second fiddle. LR assumed responsibilities for the Sector and communications with the BIO organization. Without any consultation and in line with the frequently described lack of business interfacing LR developed the Bio activities plan

6

for the next year. LR also on his own developed who does what during the BIO2003 activities in Washington. During the BIO annual in other U.S. cities the coordinator was the Bio Officer and not the Senior Trade Commissioner (See San Diego the year before)

9. I believe that most of the things that I said and/or were said I described in the earlier paragraphs.

10. LR's memo of May 20, 2003 regarding functions /duties during the forthcoming BIO2003 week presents the Plaintiff with a kind of asymmetric situation.

The Plaintiff responsible for the BIO Sector should have been the issuer of the memo and the entire plan. Instead LR assumed Plaintiff's responsibilities.

Furthermore, the Plaintiff was assigned a "second violin" role (the only one) during the entire week. This event, a reception was to take place on Saturday evening, June 21, 2003 and according to the roster of events by the order of assignment I was second to Sandra Shaddick.

7

Very important events like the Partnering Event at Hilton Towers on Sunday, June 22 were assigned to S. Charbonneau. I was not included…

Sunday night Venture Capital Reception on the sixth floor (the Ambassador floor) I was not included. Responsibilities for the event were again taken over by Leslie who was to be assisted by Ruth Currier and Julie Wallace…

Monday, June 23rd, 2003 Luncheon with CEO's again on the sixth floor of the Embassy again taken over by Leslie with the assistance of Ruth Currier.

I believe this was a very good example of the Plaintiff's being eased out of his position and responsibilities.

To be noted: these events took place in late June after Plaintiff's memo complaining about usurpation of job responsibilities. This was also after the meeting with LW and LR on June 2nd 2003. All this took place long before the ROM.

A copy of this memo is attached.

8

11. The roles that Stephane Charbonneau and Julie Wallace (not Julie Gagnon) were described above.

12. Once the IT Officer Gerard Brathwaite Sturgeon left his position. His position was left open/stayed open until it was filled by Lindsay Margenau some time possibly in 2004/ it was common knowledge through the Business Development Section that people that applied for the position were very few and the few that applied were not acceptable to Lynda.

Plaintiff submitted to the Court with copies to Mr. Ames and Ms. Pate a number of five Locally Engaged Officer Appraisal Reports.
The reports dated August 31, 1995 and August 30, 1996 clearly identify as part of Plaintiff's responsibility the sectors of Telecommunications and Computer Hardware and Software.

13. Plaintiff's job responsibilities during the year or so prior to his dismissal were consistently diminished and assigned to younger colleagues. LW questioning of Plaintiff's dates of graduation from College/University was a blatant example of attempt to inject the age factor in the ROM competition.

9

14. The Plaintiff's job responsibilities were diminished well before the ROM process took place. There is no question that the faulty ROM process was unfair and pretextual. It was naively, careless and/or arrogant in the mind of the management (RA, LW) to think that the ROM will provide a valid excuse to terminate Plaintiff's position. It is very possible that in its belief the Defendant did not care if what they were doing was legal, fair or otherwise. Plaintiff's harassment, by having its job responsibilities assigned to others, by having his activities frequently micro-managed (not being allowed to work and continue to promote the interests of Angiotech one of the top Canadian Bio companies, having his time record objected to and not being allowed to spend the some US$200.00 in personal representation expenses).

The ROM process was subjective in its entirety; the Plaintiff was requested to participate despite its contention that LW by her prior discriminatory activities should have recused herself from being the ROM panel chair. The Plaintiff made the point that the decision to impose competition among long time colleagues is totally uncalled for.

A competition where the management after the "evaluation" showed no ranking or grades of any kind was once more a demonstration of abuse in a long before predetermined conclusion. I would question any attempt to

10

provide after some three and a half years some form of ranking the three of us. Please keep in mind that "competitors" at other locations received no information as to how the winner/looser was selected.

15. Managerial employees that acted in a "deliberate, cold, callous, intentional manner in order to injure and damage Complainant were

Lynda Watson

Robert Archambault (deceased)

Leslie Reissner (collusion)

Bertin Cote (collusion through approval)

Michael Kergin (collusion and disdain for the wrongs being perpetuated under his administration)

Lynda Watson was the principal player in all the prior described acts that resulted in Plaintiff's dismissal. Her discriminatory activities vis-a-vis the Plaintiff were for an extended period of time (a year or more) designed for no other reason but to intimidate, discourage, injure, harass and cold calculated career damage. Lynda's behavior and acts were not justified by any stretch of imagination. Lynda's actions and comportment supported by

11

Bertin Cote's approval, brought dishonor to the Civil Servant profession. Personnel of this caliber who think that they are serving their country and in the process are injuring others who are nationals of the host country and are never the less performing a service for the common good should find no place within the Civil Service.

16 N/A

17. Did not have any other employer for the period.

18. Exceeds scope.

19. None

20 We have not yet addressed the issue of expert witnesses.

I Manuel M. Ellenbogen, do hereby state under penalty of perjury that the foregoing Objections and Responses to Defendant's First Set of Interrogatories are, to the best of my knowledge, information and belief, true and correct.

Manuel M. Ellenbogen
 Plaintiff - Pro Se
 546 White Oak Road
 Blue Bell, PA 19422-1547
 215-646-4517
 610-247-6088
 ellenbmp@comcast.net

CERTIFICATE OF SERVICE

I, Manuel M. Ellenbogen Pro Se Plaintiff (1:05CV01553) hereby certify that on

Wednesday, December 13 , 2006 I will cause a copy of the Plaintiff's Response &

Objections to Defendant's First Set Of Interrogatories. To be delivered, b=via Priority

First Class mail, postage prepaid upon the following:

Mr. Robert Ames, Ms. Lesley Pate, Venable LLP 575 7th Street, N.W. Washington DC
20004-1601

Ms. Marie Tomasso, Director EEOC, Philadelphia District Office, 21 S Fifth Street, Suite
400, Philadelphia, PA 19106

Manuel M. Ellenbogen, Pro Se
546 White Oak Road
Blue Bell, PA 19422

215-646-4517

Manuel M. Ellenbogen
546 White Oak Road
Blue Bell, PA 19422-1547
December 13, 2006

Mr. Robert Ames
Ms. Lesley Pate
Venable LLP
575 7th Street N. W.
Washington DC 20004-1601

> Re. Ellenbogen v Canadian Embassy/Canada
> 1:05CV01553 (JDB)

Dear Mr. Ames
Dear Ms. Pate

Enclosed please find Manuel M. Ellenbogen's Response & Objections to
Defendant's First Set of Request for Production of Documents.

Please accept our best wishes for the holiday season. Merry Christmas and a
Happy New Year

Sincerely yours,

Manuel M. Ellenbogen

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Manuel M. Ellenbogen,

    Plaintiff,                      Civil Action No. 1:05CV01553 (JDB)

    v.

The Canadian Embassy/Canada,

    Defendant

Plaintiff's Response & Objections to Defendant's First Set Of Requests for Documents

The answers below are to the best of Plaintiff's knowledge.  Plaintiff reserves the right to supplement and amend all answers given below.

1.  Plaintiff will supply the documents available.

2.  Plaintiff will supply the documents available

3.  Plaintiff will supply the documents available

4.  Plaintiff will supply the documents available

5.  Plaintiff will supply the documents available

6.  Plaintiff will supply the documents available

7.  Plaintiff will supply the documents available

8.  Responses to these questions were addressed in the Plaintiff's
    Response and Objections to First Set Of Interrogatories. The
    Defendant could produce the "Cry for help memorandum issued by
    Cynthia Stevenson.

9.  This document was issued by the Defendant LR. Request should be
    addressed to LR. I respectfully disagree with Mr. Ames contention
    that documents issued by the Defendant should be submitted by the
    Plaintiff in order to be able to verify if any modifications have been
    made. Never the less I will submit a copy of the document.

10. Plaintiff will supply the document available.

11. Plaintiff will supply the documents available

12. Plaintiff will supply the documents available

13. Plaintiff will supply the documents available 1-5. 6 Exceeds scope.

14. Issues already addressed in the Interrogatory part. Claim for damages
    document will be supplied once as soon as available.

15. Issues already addressed in the Interrogatory part.

16. Exceeds scope

17. Exceeds scope

18. Respectfully I disagree with these set of questions. You know or should know that the Defendant was not covered by the Embassy benefits on workers compensation, unemployment, and disability benefits. SS information exceeds scope.

19. Vague, burdensome , not relevant except EEOC

20. Nothing of this nature except documents on record with the Court and Defendant's Counsel.

21. Same as above.

22. NONE

23. N/A

24. None

25. Documents available and submitted with the present request.

Respectfully submitted

Manuel M. Ellenbogen
Plaintiff-Pro Se
546 White Oak Rd.
Blue Bell, PA 19422-1547
215-646-4517
610-247-6088
ellenbmp@comcast.net

CERTIFICATE OF SERVICE

I, Manuel M. Ellenbogen Pro Se Plaintiff (1:05CV01553) hereby certify that on

Wednesday, December 13 , 2006 I will cause a copy of the Plaintiff's Response &

Objections to Defendant's First Set Of Request for Documents. To be delivered, via

Priority First Class mail, postage prepaid upon the following:

Mr. Robert Ames, Ms. Lesley Pate, Venable LLP 575 7th Street, N.W. Washington DC
20004-1601

Ms. Marie Tomasso, Director EEOC, Philadelphia District Office, 21 S Fifth Street, Suite
400, Philadelphia, PA 19106

Manuel M. Ellenbogen, Pro Se
546 White Oak Road
Blue Bell, PA 19422

215-646-4517



575 7th Street, NW
Washington, DC 20004-1601

Telephone 202-344-4000
Facsimile 202-344-8300

www.venable.com

(202) 344-8033

lapate@venable.com

January 5, 2007

**VIA ELECTRONIC DELIVERY AND U.S. MAIL**
Manuel M. Ellenbogen
546 White Oak Road
Blue Bell, PA 19422

> Re:  Manuel M. Ellenbogen v. Canada
>      No. 1:05CV01553 (JDB)

Dear Manuel:

I am writing regarding several outstanding discovery matters in the above-referenced case. As an initial matter, Canada previously served you with a Notice of Deposition requiring you to appear and answer questions under oath on February 6, 2007. In my letter to you, which accompanied the Notice of Deposition, I stated that although we had selected a date for your deposition, we were willing to discuss an alternate date with you if necessary. When we spoke on December 18, 2006, you indicated that you expected to be out of the country for most of February 2007. I responded that your deposition could be rescheduled for a date after you return from your travels and asked you to provide me with dates that you would be available for your deposition. You have not yet provided me with your available dates. Please do so no later than January 15, 2007.

Moreover, Canada believes that Plaintiff's Responses to its First Set of Interrogatories and First Request for the Production of Documents are insufficient and need to be clarified, revised, and/or supplemented. Specifically, in regard to:

• Interrogatory No. 1 – Your response provides the names of your potential witnesses, but it does not "provide a summary of the knowledge or information you believe each person possesses and each person's anticipated trial testimony" as was requested in Interrogatory No. 1. Please supplement your response accordingly.

• Interrogatory No. 3 – This Interrogatory asked you to "state all amounts of money that you received from any source since August 27, 2003." You were further asked to "specify the source, the amount, and the date(s) of payment." Your response states "[e]xceeds scope." You have not – and cannot – provide any explanation as to how this Interrogatory exceeds the discovery parameters established by the Federal Rules of Civil Procedure. Indeed, the information sought by Interrogatory No. 3 is directly relevant to your claim for monetary damages. Canada maintains that you are not entitled to any damages because you cannot establish that Canada terminated your

# VENABLE.LLP

Manuel M. Ellenbogen
January 5, 2007
Page 2

employment based on your age and you cannot show that the Reverse Order of Merit process was pretextual. That said, however, any damages to which you would be entitled if you were successful in proving your age discrimination claim would necessarily be off-set by any wages that you have earned through other employment or any retirement benefits that you have received. Your refusal to provide the requested information is unwarranted, and therefore, Canada expects you to fully respond to Interrogatory No. 3.

- Interrogatory No. 4 – This Interrogatory asked you to identify any admissions against interest that you contend have been made by Canada concerning the allegations in your Complaint and to provide specific details regarding the admission such as the person who made the admission, the date, time, and place of the admission, and the identify of each person who witnessed or overheard the admission. Your response states "[e]xceeds scope." You have not – and cannot – provide any explanation as to how this Interrogatory exceeds the discovery parameters established by the Federal Rules of Civil Procedure. Any admissions against interest that you claim have been made by Canada and upon which you intend to rely as evidence in support of your claim is directly relevant and discoverable. Therefore, you are obligated to respond to Interrogatory No. 4.

- Interrogatory No. 5 – You were asked to "identify each health or medical care provider…who have evaluated or provided treatment to you for any physical, mental, or emotional conditions or problems that you contend Canada caused." For each provider, you also need to identify "(1) the dates on which you consulted with or obtained treatment from such provider; (2) the symptoms or conditions for which you sought treatment; (3) the diagnosis and prognosis of the provider; (4) the treatment prescribed by and received from the provider; (5) all reimbursed and unreimbursed fees that you incurred in connection with such treatment or services; and (6) every document in your possession, custody or control relating to such provider or the treatment or services that you received from such provider." In your response, you stated: "I elected to continue to visit with my regular attending physicians and treat any existing conditions regardless of what triggered them." Your answer is non-responsive and evasive. You must identify your "regular attending physicians" by name, give their contact information, and provide the requested details regarding your symptoms, consultations, diagnoses, and treatments.

- Interrogatory No. 6 – Your response states: "Michel Pascal, Mary Harrison, Cynthia Stevenson, and possibly others." Although you have produced recent e-mail correspondence between you and both Michael Pascal and Mary Harrison, you have not produced any "written statement, declaration, or affidavit" from these individuals "regarding any allegation set forth in your Complaint or the events at issue in this lawsuit" as requested by Interrogatory No.

# VENABLE<sub>LLP</sub>

Manuel M. Ellenbogen
January 5, 2007
Page 3

6. Please supplement your response accordingly and produce any written statement, declaration, or affidavit that you intend to rely upon as evidence in support of your claim from Mr. Pascal, Ms. Harrison, Ms. Stevenson, or any other individual.

Interrogatory No. 16 – This Interrogatory requested that you "identify and describe all attempts that you have made to seek employment with any employer other than Canada since August 27, 2003" and that you provide additional information with regard to each attempt. You answered Interrogatory No. 16 by stating "N/A." Your answer is non-responsive and wholly insufficient. It is well-established that you have a duty to mitigate any damages that you are seeking under the Age Discrimination in Employment Act ("ADEA") by taking reasonable efforts to find comparable employment after you have been terminated. See, e.g., Fairhead v. Deleuw, Cather & Co., 817 F. Supp. 153, 160 (D.D.C. 1993) (holding that plaintiff alleging age discrimination breached his "duty to mitigate damages" when he refused to accept employment in substantially similar position); Payne v Security Sav. & Loan Assn., F.A., 924 F2d 109, 110-11 (7th Cir. 1991) ("[t]he law governing mitigation of damages is clear: in order to recover lost wages for the period following his discharge, [the plaintiff] must demonstrate that he unsuccessfully sought suitable or comparable employment with 'reasonable diligence'"); Bossalina v. Lever Bros. Co., 1986 U.S. Dist. LEXIS 24333, at *11 (D. Md. 1986) (ADEA plaintiffs could not recover back pay because they failed to mitigate their damages). Therefore, the information sought by Interrogatory No. 16 is entirely relevant. Please respond by providing the requested information.

- Interrogatory No. 18 – You were asked to "[i]dentify each address where you have resided, including: (1) the dates you resided at each such residence; (2) all persons who have lived with you at each residence; (3) the current or last known addresses of all persons who lived with you at each residence and your relationship with these persons." Your response states "[e]xceeds scope." You have not, however, provided any explanation as to how this Interrogatory exceeds the discovery parameters established by the Federal Rules of Civil Procedure. Given that Interrogatory No. 18 as originally drafted did not mention a time period, Canada will limit Interrogatory No. 18 to the past ten (10) years. There is no basis for you to continue to refuse to respond to Interrogatory No. 18, and therefore, Canada expects you to respond accordingly.

- Document Request No. 13 – This Request asked you to produce, inter alia, any document that evidence or relates to any communication between you and any person concerning your search for employment. You responded that this part of Request No. 13 "exceeds scope." As explained above in regard to Interrogatory No. 16, you have a duty to mitigate any damages that you claim you are entitled to by taking reasonable efforts to search for comparable employment. Therefore, you must produce documents responsive to this Request.

# VENABLE<sub>LLP</sub>

Manuel M. Ellenbogen
January 5, 2007
Page 4

• Document Request No. 16 – This Request asked you to produce "[e]ach document, including without limitation letters, employment applications, resumes, letters of recommendation, Internet searches or postings, e-mail communications, job postings, advertisements, and communications with recruiters, that relates to any attempt by Plaintiff or on behalf of Plaintiff to seek employment with any employer other than Canada during the period from August 27, 2003 through the present." Your answer, which states "[e]xceeds scope, is plainly insufficient for the reasons explained above with regard to Interrogatory No. 16 and Document Request No. 13. Please produce the requested documents.

• Document Request Nos. 17 & 18 – These Requests asked you to produce documentation regarding your earnings, income, and other benefits received from August 27, 2003 through the present. Your responses to these Requests were, respectively: "Exceeds scope;" and "Respectfully I disagree with these sets of questions. You know or should know that Defendant was not covered by the Embassy benefits on workers compensation, unemployment, and disability benefits. SS information exceeds scope." As an initial matter, your response to Request No. 18 is incomprehensible. Moreover, as explained above with regard to Interrogatory No. 3, the requested documents are relevant to your claim for damages and the calculation thereof. Accordingly, please produce the requested documents.

• Document Request No. 19 – This Request asked you to produce "[e]ach document that evidences or relates to any charge of discrimination, harassment or retaliation filed with any federal, state or local agency (e.g., the Equal Employment Opportunity Commission, the District of Columbia Office of Human Rights, etc.) or any other document Plaintiff filed with, showed to, submitted to or received from any federal, state or local agency regarding Plaintiff's employment with Canada or the allegations of Plaintiff's Complaint." Your response states "[v]ague, burdensome, not relevant except EEOC." You have not, however, explained how this Request is vague and burdensome. In addition, your contention of irrelevance lacks merit. To the extent that you have documents that you filed with, showed to, submitted to or received from any federal, state or local agency regarding your employment with Canada or the allegations set forth in your Complaint, those documents are discoverable and must be produced to Canada at this time.

• Document Request No. 21 – You were asked to produce "[e]ach document that you have submitted to any government agency or entity relating to Canada." Your response states "[s]ame as above" but does not identify which prior Request response you are actually referring to. Please supplement your response accordingly and produce the requested documents.

# VENABLE LLP

Manuel M. Ellenbogen
January 5, 2007
Page 5


Finally, in your response to Interrogatory No. 12, you represent that you have "submitted to the Court with copies to Mr. Ames and Ms. Pate a number of five Locally Engaged Officer Appraisal Reports." Despite your representation, I have not received those Reports from you. Please provide them to me.

If you have any questions or would like to discuss this matter further, please let me know. To preclude the Court's involvement, please forward your revised responses to Canada's First Request for the Production of Documents and First Set of Interrogatories no later than January 26, 2007. Thank you for your assistance in this matter.

Regards,

Lesley A. Pate

Counsel for Canada

Manuel M. Ellenbogen
546 White Oak Road
Blue Bell, PA 19422-1547
January 15, 2007

Mr. Robert Ames
Ms. Lesley Pate
Venable LLP
575 7th Street N. W.
Washington DC 20004-1601

Re. Ellenbogen v Canadian Embassy/Canada
105CV01553 (JDB)

Dear Mr. Ames/Ms. Pate,

In response to your letter dated January 5, 2007 regarding my response to
Defendant's First Set of Interrogatories and First Request for the Production
of Documents, I am making the following statements:

1. Interrogatory No. 1- If called to testify all of the potential witnesses
   that worked at the Canadian Embassy in Washington DC will testify
   to the facts surrounding the dismissal of the plaintiff. More specific
   information is not available at this time. All other witnesses (those
   not employed at the Canadian Embassy in Washington DC) would
   testify as to the facts and circumstances surrounding their own
   dismissal. The two people listed who have never been employees of
   the Canadian Government would be called to testify to support
   Plaintiff's summary of events surrounding his dismissal.

2. Interrogatory No. 3- Plaintiff has had no earned income since August
   27, 2003. All amounts of money that Plaintiff received after August
   27, 2003 are related to investments made by the Plaintiff and are
   therefore irrelevant. Social Security pension payments were paid to
   the Plaintiff even before his dismissal. Canada pension payments
   received after Plaintiff dismissal were in the amount of about US
   $1,100/mo with medical payments of about US $500/00/mo. Plaintiff
   is asking for damages that are equivalent to wages he would have

received, therefore the only relevant information is that Plaintiff did not receive any earned income after August 27, 2003.

3. Interrogatory No. 4- At this time, Plaintiff is not planning to use any such statements. However, Plaintiff reserves the right to alter and amend this answer at any time.

4. Interrogatory No. 5- The information requested in this interrogatory is overly broad, unduly invasive and intrusive. Please tailor your question accordingly.

5. Interrogatory No. 6- Plaintiff provided you with all of the information that he has available to him at this time. In the case of Cynthia Stevenson, Plaintiff would refer to her comments on the Reverse Order of Merit process and the reply received. The information will be supplemented as necessary in the future.

6. Interrogatory No. 16- Plaintiff is unable to provide evidence in response to this request due to time constraints. Furthermore, Plaintiff was unable to conduct an effective search for a new job because of Defendant's refusal to act as reference for Plaintiff. Defendant's representative at the time (R.Archambault) made conditional reference possibilities as to Plaintiff's actions following the dismissal process.

7. Interrogatory No. 18- Plaintiff will answer this question if you provide an explanation on how this question (or any answer thereto) would have any bearing or relevance to the case at hand.

8. Document Request No. 13 & 16- Please see response to Interrogatory No. 16.

9. Document Request No. 17 & 18- See response to Interrogatory No. 3.

10. Document Request No. 19 & No. 21- Plaintiff filed complaints with the Canadian Human Relations Commission and EEOC. Copies of these complaints have already been provided.

Sincerely,

Manuel M. Ellenbogen