Manuel M. Ellenbogen
546 White Oak Rd.
Blue Bell, PA 19422-1547
January 25, 2007

RECEIVED
JAN 2 - 2007
NANCY MAYER WHITTINGTON
U.S. DISTRICT COURT

The Clerk's Office
333 Constitution Ave., N.W. Rm.1225
Washington DC 20001

Re>: Manuel M Ellenbogen v The Canadian Embassy CV 1:05CV011553 (JDB) Please refer to the minute order issued on January, 24, 2007

Plaintiff's Objections to Defendant's Discovery Responses.

Plaintiff objects to Defendant's discovery responses for the following reasons:

1. Interrogatory #6 – Defendant improperly objected to the Plaintiff's use of the word satisfactory as vague. The term satisfactory is a term routinely used in evaluations. Its meaning is unambiguous as used in the context of the interrogatory. One's job performance is routinely classified as either satisfactory or unsatisfactory. Defendant's objection is without basis.

2. Interrogatory #8, #11- The Defendant objects to these interrogatories as broad and irrelevant. These interrogatories are not overly broad; it seeks information relating only to the period of Plaintiff's

employment. The information is clearly relevant as Plaintiff is seeking to prove that Defendant dismissed the Plaintiff for no other reason than his age, therefore it is vital to Plaintiff's case that he show that there was no reason for his dismissal. Furthermore, the information goes directly to the relevance of whether or not the Reverse Order of Merit Process is a valid and legal process.

3. Interrogatory #14- Plaintiff is clearly referring to the September 2002 to August 2003.

4. Interrogatories #21, #22- Information relating to Sandra Shaddick's qualifications is relevant to Plaintiff's case because she took over some of Plaintiff's duties.

5. Interrogatories #24, #25- Defendant improperly objected to the Plaintiff's use of the term "important role" as vague. This is a commonly used phrase with a universally accepted meaning. Furthermore, Defendant's answers are evasive.

6. Request for documents #3-The request for job performance/evaluations of the other officers in the section is fully justified as a potential tool to prove by comparison that the Plaintiff was fully qualified to continue to perform his job.

7. Request for documents #4- The documentation of the ages of others in the Trade and Investment Section, is very important to the Plaintiff's case. Plaintiff seeks to show that there were no employees beyond a certain age in the section.

8. Request for documents #5, #6- This information is crucial to Plaintiff's case, Plaintiff seeks to show that his dismissal was based on his age not his performance. Evidence showing that he performed well is key to proving this point.

9. Request for documents #14- Plaintiff is seeking to obtain Cynthia Stevenson's comments on the Reverse Order of Merit Evaluation process. This information is necessary for Plaintiff to show that this process was invalid and objected to by other Officers in the Trade and Investment Section..

10. Request for documents #15-Sandra Shaddick's employment file would prove the validity of Plaintiff's claim that the Construction/Building Materials sector was assigned to a less qualified employee, much younger, less educated than the Plaintiff.

11. Request for documents #16- Julie Wallace's file is totally with merit in attempting to prove how objectionable the process of selecting candidates for the Order of Reverse Merit Evaluation was. At one particular time Ms. Wallace assumed responsibilities in the Bio Sector, duties that again were taken away from the Plaintiff. Ms. J Wallace was a junior officer, less experienced and much younger.

12. Request for documents #18-24- All of these requests go to directly to Plaintiff's challenge to the Reverse Order of Merit Process. The information is necessary for Plaintiff to show the process was invalid.

13. Request for documents #24, #25- This information is very relevant to the open position of Information Technology Officer. The position was open for about two years, was open before, during and after the dismissal of the Plaintiff. The plaintiff in his long employment with

the Defendant fulfilled duties for a couple of year in the IT Sector. The Defendant ignored the Plaintiff request either to eliminate the position either to assign the position to the Plaintiff and for this matter to any other Officer who may be dismissed. The defendant refused any of these justifiable requests.

14. A complete set of Plaintiff's Interrogatories and requests for documents is enclosed. Also enclosed are the Defendant's responses to the Interrogatories and request for documents.

Respectfully submitted,

Manuel M Ellenbogen
546 White Oak Road
Blue Bell, PA 19422-1547
ellenbmp@comcast.net
215-646-4517