UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MANUEL M. ELLENBOGEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05CV01553 (JDB) |
| | ) | |
| CANADA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Canada submits its Objections to Plaintiff's Request for the Production of Documents.

**I.    GENERAL OBJECTIONS**

1.    Canada objects to Plaintiff's Requests to the extent that they seek information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2.    Canada objects to Plaintiff's Requests to the extent that they seek information or documents that contain confidential trade secrets or other confidential or proprietary information of Canada.

3.    Canada objects to Plaintiff's Requests to the extent that they purport to impose requirements different from or in addition to the Federal Rules of Civil Procedure. In responding to each request, Canada will provide only such information and/or documents as are necessary and proper under those rules.

4. Canada objects to Plaintiff's Requests to the extent that they do not identify the time period for which documents are sought and that they seek documents regarding events prior to applicable statute of limitations period.

5. The answers set forth herein reflect Canada's best knowledge based upon its review and investigation of the facts available to date. Canada reserves the right to amend and supplement these responses, including the assertion of additional objections.

6. Canada's agreement to provide information or to search for and/or produce documents responsive to any Request should not be deemed to be an admission or agreement that such information and/or documents are relevant, admissible at trial or in any way pertinent to the issues in this action.

## II. SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**

All documents reflecting salary, bonuses and any other monies paid by Defendant to Plaintiff along with the date of payment, from 1986 to 2003.

**RESPONSE:**

In addition to its General Objections, Canada objects to this Request on the ground that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its Objections, Canada will produce documentation verifying monetary payments made to Plaintiff in 2001, 2002, and 2003.

**REQUEST NO. 2:**

All documents reflecting salary, bonuses and any other monies paid by Defendant to every Business Development Officer and other officers in the Trade & Investment Section along with the date of payment, from 1986 to 2003.

**RESPONSE:**

In addition to its General Objections, Canada objects to this Request on the ground that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Request seeks the production of documents reflecting information concerning employees or former employees of Canada who did not work in the Washington, D.C. embassy or Plaintiff's department, who were not similarly situated to Plaintiff, and who were not subject to the Reverse Order of Merit process that led to Plaintiff's termination. Subject to and without waiving its Objections, Canada will produce documentation verifying monetary payments made in 2001, 2002, and 2003 to employees who worked in a comparable position in the Washington, D.C. embassy or who were subject to the Reverse Order of Merit process that led to Plaintiff's termination.

**REQUEST NO. 3:**

All performance review, performance appraisals and written comments relating to the adequacy of performance for all Business Development Officers and other officers in the Trade & Investment Section, including Plaintiff, from 1986 to 2003.

**RESPONSE:**

In addition to its General Objections, Canada objects to this Request on the ground that it is overly broad, unduly burdensome and seeks information that is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence. The Request seeks the production of documents reflecting information concerning employees or former employees of Canada who did not work in the Washington, D.C. embassy or Plaintiff's department, who were not similarly situated to Plaintiff, and who were not subject to the Reverse Order of Merit process that led to Plaintiff's termination. Moreover, performance evaluations were not reviewed or considered as part of the Reverse Order of Merit process that led to Plaintiff's termination.

**REQUEST NO. 4:**

All documents reflecting the age of person employed in the Trade & Investment Section.

**RESPONSE:**

In addition to its General Objections, Canada objects to this Request on the ground that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Request seeks the production of documents reflecting information concerning employees or former employees of Canada who did not work in the Washington, D.C. embassy, who were not similarly situated to Plaintiff, and who were not subject to the Reverse Order of Merit process that led to Plaintiff's termination. Subject to and without waiving its Objections, Canada will provide the age of employees who were employed in a comparable position in the Washington, D.C. embassy during the relevant time period of 2002 and 2003 or who were subject to the Reverse Order of Merit process that led to Plaintiff's termination.

**REQUEST NO. 5:**

All documents received by the Defendant from any other person, entity or organization commenting upon the quality of the performance of all Business Development Officers

-4-

and other officers in the Trade & Investment Section, including Plaintiff, from 1986 to 2003.

**RESPONSE:**

In addition to its General Objections, Canada objects to this Request on the ground that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Request seeks the production of documents reflecting information concerning employees or former employees of Canada who did not work in the Washington, D.C. embassy, who were not similarly situated to Plaintiff, and who were not subject to the Reverse Order of Merit process that led to Plaintiff's termination. The documents sought in this Request played absolutely no role in the Reverse Order of Merit process that led to Plaintiff's termination. Moreover, the Request seeks the production of documents that Canada does not ordinarily keep in its personnel files. To the extent that responsive documents exist, they would be kept by the individual employee receiving the document. Searching the files of individual employees for responsive documents would impose an undue burden on Canada, particularly in light of the limited potential relevance of these documents.

**REQUEST NO. 6:**

All documents reflecting the name, hire date and the termination date, if any, of all Business Development Officers and other officers in the Trade & Investment Section, including Plaintiff, from 1986 to 2003.

**RESPONSE:**

In addition to its General Objections, Canada objects to this Request on the ground that it is overly broad, unduly burdensome and seeks information that is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence. The Request seeks the production of documents reflecting information concerning employees or former employees of Canada who did not work in the Washington, D.C. embassy, who were not similarly situated to Plaintiff, and who were not subject to the Reverse Order of Merit process that led to Plaintiff's termination. The Request is also not limited to a reasonable and relevant time period. Subject to and without waiving its Objections, Canada will produce a list of the names, hire dates, and termination dates, if applicable, of those employees who were employed in a comparable position in the Washington, D.C. embassy during the relevant time period of 2002 and 2003.

**REQUEST NO. 7:**

All documents concerning the denial in paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 78, 18, 19, 20, 22, 23, 24, 27, 28 and 29 of the Defendant's Answer.

**RESPONSE:**

In addition to its General Objections, Canada objects to this Request on the ground that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Canada further objects to this Request on the ground that the term "concerning" is vague and ambiguous. Canada also objects to this Request on the ground that it calls for information that is protected by the attorney-client privilege and work product doctrine. Subject to and without waiving its Objections, Canada states that it will produce documentation regarding its denial of Plaintiff's claim of age discrimination.

**REQUEST NO. 8:**

All benefit plans applicable to Plaintiff, and in which Plaintiff participated, including pension, medical, dental, group life, accident, reimbursement account, savings plan, dependent life and profit sharing.

**RESPONSE:**

In addition to its General Objections, Canada objects to this Request on the ground that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its Objections, Canada will produce the benefit plans applicable to Plaintiff and in which he participated at the time of his termination.

**REQUEST NO. 9:**

All documents showing the status of Plaintiff's account under each benefit plan, as of the last day of Plaintiff's employment, including but not limited to, Plaintiff's contributions, contributions made on Plaintiff's behalf and the value of Plaintiff's interest in the plan.

**RESPONSE:**

Subject to and without waiving its General Objections, Canada will produce documentation verifying the status of Plaintiff's account under each benefit plan as of the last day of his employment.

**REQUEST NO. 10:**

All documents concerning the denial that Plaintiff was terminated on account of his age.

**RESPONSE:**

Subject to and without waiving its General Objections, Canada will produce documents showing its legitimate, nondiscriminatory reason for terminating Plaintiff's employment.

### REQUEST NO. 11:

All documents showing or authorizing the transfer of Plaintiff's responsibilities or duties to another party or employee. This request is not limited to transfers of duties mentioned in Paragraph 14, 16, 17 and 18 of the Complaint.

### RESPONSE:

In addition to its General Objections, Canada objects to this Request on the ground that it is overly broad and unduly burdensome. Canada further objects to this Request on the ground that it does not identify the time period to which it refers. Subject to and without waiving its Objections, Canada states that to the best of its knowledge it does not have any documents responsive to this Request.

### REQUEST NO. 12:

All reports, memoranda and all other writings prepared by the Plaintiff and submitted to Defendant from 1986 to 2003.

### RESPONSE:

In addition to its General Objections, Canada objects to this Request on the ground that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The request for documents prepared by Plaintiff during his more than seventeen years of employment goes well beyond the proper bounds of discovery.

### REQUEST NO. 13:

Plaintiff's entire employment file, complete with information up to the start of litigation and therefore including the Canadian Embassy's response to the EEOC requests.

### RESPONSE:

Subject to and without waiving its General Objections, Canada will produce Plaintiff's personnel file and its response to Plaintiff's EEOC charge.

**REQUEST NO. 14:**

The entire employment file of Cynthia Stevenson.

**RESPONSE:**

In addition to its General Objections, Canada objects to this Request on the ground that it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Canada's personnel files do not contain any information relevant to Plaintiff's claims of age discrimination with regard to the alleged diminution of his job duties or the Reverse Order of Merit process that result in Plaintiff's termination. Although Ms. Stevenson participated in the Reverse Order of Merit process, that process was self-contained and did not involve a review of the participants' personnel files.

**REQUEST NO. 15:**

The entire employment file of Sandra Shaddick.

**RESPONSE:**

In addition to its General Objections, Canada objects to this Request on the ground that it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Canada's personnel files do not contain any information relevant to Plaintiff's claims of age discrimination with regard to the alleged diminution of his job duties or the Reverse Order of Merit process that result in Plaintiff's termination. Moreover, Ms. Shaddick did not participate in the Reverse Order of Merit process that led to Plaintiff's termination.

**REQUEST NO. 16:**

The entire employment file of Julie Wallace.

**RESPONSE:**

In addition to its General Objections, Canada objects to this Request on the ground that it is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Canada's personnel files do not contain any information relevant to Plaintiff's claims of age discrimination with regard to the alleged diminution of his job duties or the Reverse Order of Merit process that result in Plaintiff's termination. Moreover, Ms. Wallace did not participate in the Reverse Order of Merit process that led to Plaintiff's termination.

**REQUEST NO. 17:**

All internal documents relating to the Reverse Order of Merit Evaluation that took place in 2003, including but not limited to all participants, including Plaintiff's results or grades.

**RESPONSE:**

In addition to its General Objections, Canada objects to this Request on the ground that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Request is not limited to the Reverse Order of Merit process that led to Plaintiff's termination. Subject to and without waiving its Objections, Canada will produce documents relating to the Reverse Order of Merit process that led to Plaintiff's termination.

## REQUEST NO. 18:

All questions, oral or written, that were asked of the participants at the Reverse Order of Merit Evaluation that took place in 2003.

## RESPONSE:

In addition to its General Objections, Canada objects to this Request on the ground that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Request is not limited to the Reverse Order of Merit process that led to Plaintiff's termination. Subject to and without waiving its Objections, Canada will produce documents relating to the Reverse Order of Merit process that led to Plaintiff's termination.

## REQUEST NO. 19:

All grading criteria for the Reverse Order of Merit Evaluation that took place in 2003.

## RESPONSE:

In addition to its General Objections, Canada objects to this Request on the ground that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Request is not limited to the Reverse Order of Merit process that led to Plaintiff's termination. Subject to and without waiving its Objections, Canada will produce documents relating to the grading of the Reverse Order of Merit process that led to Plaintiff's termination.

## REQUEST NO. 20:

All internal documents referencing the need for a Reverse Order of Merit Evaluation in 2003.

## RESPONSE:

In addition to its General Objections, Canada objects to this Request on the ground that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Request is not limited to the Reverse Order of Merit process that led to Plaintiff's termination. Subject to and without waiving its Objections, Canada will produce documents referencing the need for the Reverse Order of Merit process that led to Plaintiff's termination.

**REQUEST NO. 21:**

All internal documents discussing the selection of Business Development Officer and locally engaged status level to participate in Reverse Order of Merit Evaluation that took place in 2003.

**RESPONSE:**

In addition to its General Objections, Canada objects to this Request on the ground that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Request is not limited to the Reverse Order of Merit process that led to Plaintiff's termination. Subject to and without waiving its Objections, Canada will produce documents relating to the Reverse Order of Merit process that led to Plaintiff's termination.

**REQUEST NO. 22:**

All internal evaluations or memoranda, referencing the job performance of Manuel Ellenbogen, whether or not considered an evaluation.

**RESPONSE:**

In addition to its General Objections, Canada objects to this Request on the ground that it is overly broad, unduly burdensome and seeks information that is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence. The request for "all internal evaluations or memoranda referencing" Plaintiff's job performance "whether or not considered an evaluation" during his more than seventeen years of employment goes well beyond the proper bounds of discovery. To respond to this Request, Canada would be required to review the individual files of a number of supervisors to identify "internal evaluations or memoranda" referencing Plaintiff's performance. Particularly in light of the marginal relevance of this information, searching for and producing these notes would impose an undue burden on Canada. Subject to and without waiving its Objections, Canada will produce Plaintiff's personnel file, containing all formal evaluations of Plaintiff's job performance.

**REQUEST NO. 23:**

Any documents pertaining to the Canadian government's mandatory early retirement policy.

**RESPONSE:**

In addition to its General Objections, Canada objects to this Request on the grounds that it is vague and ambiguous. The terms "mandatory" and "early retirement" are inconsistent; "early retirement" is always by election otherwise it would simply be considered mandatory retirement. Subject to and without waiving its Objections, Canada states that it does not mandate "early retirement" or retirement.

**REQUEST NO. 24:**

The job posting for the Information Technology Officer that is referenced in Paragraph 22 of the Complaint.

**RESPONSE:**

In addition to its General Objections, Canada objects to this Request on the grounds that it is vague and ambiguous. Canada did not have a position entitled "Information Technology Officer." Subject to and without waiving its Objections, Canada will produce the job posting for the Systems Administrator position that it sought to fill in 2003.

**REQUEST NO. 25:**

A list of the hiring criteria for the Information Technology Officer that is referenced in Paragraph 22 of the Complaint.

**RESPONSE:**

In addition to its General Objections, Canada objects to this Request on the grounds that it is vague and ambiguous. Canada did not have a position entitled "Information Technology Officer." Subject to and without waiving its Objections, Canada will produce the job posting for the Systems Administrator position that it sought to fill in 2003.

**REQUEST NO. 26:**

All documents describing the employment policies and practices of locally-engaged staff.

**RESPONSE:**

In addition to its General Objections, Canada objects to this Request on the ground that it exceeds the limitations imposed by the Court's Scheduling Order. Canada further objects to this Request on the ground that that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. This Request is not limited to documents describing employment

policies and practices of locally-engaged staff at the Washington, D.C. embassy where Plaintiff was employed.

**REQUEST NO. 27:**

A list of Plaintiff's job duties and responsibilities on a yearly basis from 1986 to 2003.

**RESPONSE:**

In addition to its General Objections, Canada objects to this Request on the ground that it exceeds the limitations imposed by the Court's Scheduling Order. Canada further objects to this Request on the ground that that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Request for a list of Plaintiff's job duties and responsibilities each year during his more than seventeen years of employment goes well beyond the proper bounds of discovery.

**REQUEST NO. 28:**

All communications between Plaintiff and Leslie Reissner, including but not limited to those pertaining to BIO2003.

**RESPONSE:**

In addition to its General Objections, Canada objects to this Request on the ground that it exceeds the limitations imposed by the Court's Scheduling Order. Canada further objects to this Request on the ground that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Request for "all communications" without any limitation as to subject matter between Plaintiff and Leslie Reissner goes well beyond the proper bounds of discovery.

**REQUEST NO. 29:**

All communications between Plaintiff and Lynda Watson, including but not limited to those pertaining to BIO2003 and the Reverse Order of Merit Process.

**RESPONSE:**

In addition to its General Objections, Canada objects to this Request on the ground that it exceeds the limitations imposed by the Court's Scheduling Order. Canada further objects to this Request on the ground that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Request for "all communications" without any limitation as to subject matter between Plaintiff and Lynda Watson goes well beyond the proper bounds of discovery.

**REQUEST NO. 30:**

All internal communications discussing the Reverse Order of Merit Process.

**RESPONSE:**

In addition to its General Objections, Canada objects to this Request on the ground that it exceeds the limitations imposed by the Court's Scheduling Order. Canada further objects to this Request on the ground that it is not limited to the Reverse Order of Merit process that led to Plaintiff's termination.

**REQUEST NO. 31:**

Employment files and information relating to the retirement of the following individuals from the New York office: Don Russell, Susanne Rich, Don Garreston and Richard Campanelli. From the Los Angeles office: Michael Pascal and Bernard Brandenburg.

**RESPONSE:**

In addition to its General Objections, Canada objects to this Request on the ground that it exceeds the limitations imposed by the Court's Scheduling Order. Canada further objects to this Request on the ground that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Respectfully submitted,

*Lesley A Pate*

Robert G. Ames, D.C. Bar No. 234393
Lesley A. Pate, D.C. Bar No. 485139
Venable LLP
575 7th Street, N.W.,
Washington, D.C. 20004
(202) 344-40000
(202) 344-8300 (facsimile)

Counsel for Canada

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December, 2006, I caused a copy of the foregoing Defendant's Objections and Responses to Plaintiff's Request for Production of Documents to be served electronically and via overnight delivery on:

Manuel M. Ellenbogen
546 White Oak Road
Blue Bell, PA 19422

*Lesley A Pate*
Lesley A. Pate